IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON ATKINS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Docket No. 5:23-cv-02732 |
| | : |
| CITY OF READING, EDDIE MORAN, RICHARD TORNIELLI, BRADLEY T. MCCLURE, and COURTNEY DUPREE, | : |
| | : |
| Defendants. | : |

**DEFENDANTS, CITY OF READING, ET AL.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, City of Reading, Mayor Eddie Moran, Chief Richard Tornielli, Sergeant Bradley T. McClure, and Officer Courtney Dupree of the City of Reading Police Department (hereafter referred to as "Defendants"), by and through the undersigned counsel, MacMain Leinhauser, PC, hereby file this Answer to Plaintiff's Complaint denying each and every averment set forth therein except those expressly admitted below:

**PARTIES**

1. Admitted upon information and belief.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted upon information and belief. By way of further response, Exhibit "A," being a writing, speaks for itself. Any characterizations of the same are denied.

6. Admitted. By way of further response, Exhibit "B," being a writing, speaks for itself. Any characterizations of the same are denied.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

## JURISDICTION AND VENUE

11-13. Denied. Defendants do not contest jurisdiction or venue. The merits of the Complaint are denied.

## ALLEGED GROUNDS

14. Denied. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

15. Admitted in part. Denied in part. Defendants admit that several persons assembled on the public sidewalk, on the 800 block of Washington Street in the City of Reading on June 3, 2023. Defendants also admit persons stood opposite Reading City Hall, where there was the 1st Reading Pride March & Rally. The Defendants deny the remaining averments.

16. Admitted in part. Denied in part. To the extent the averments in this paragraph state conclusions of law, the same are denied. It is admitted only that the 1st Reading Pride March & Rally was scheduled to begin as alleged, and the organizers had obtained the necessary permits required by the City. The remaining averments are denied.

17. Admitted upon information and belief.

18. Admitted in part. Denied in part. It is admitted only that Mayor Eddie Moran attended, for a period of time, the 1st Reading Pride March & Rally. The remaining averments are denied.

19. Denied. The averments in this paragraph are not directed toward Defendants and are therefore denied. By way of further response, Defendants neither contest nor adopt Plaintiff's definition of "Pride Month."

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and therefore they are denied.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and therefore they are denied.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and therefore they are denied.

23. Admitted in part. Denied in part. Defendants admit that Sgt. McClure directed demonstrators to stand on the public sidewalk on the south side of the 800 block of Washington Street. The remaining averments are denied. To the extent the averments in this paragraph consist of legal conclusions, no responsive pleading is required, and they are therefore denied.

24. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

25. Admitted upon information and belief.

26. Denied.

27. Admitted in part. Denied in part. Defendants admit the interaction between Plaintiff and Sgt. McClure was videorecorded. Defendants also admit that the interaction was

uploaded onto YouTube.com. Defendants deny, however, that the Police Department or the City of Reading played any role in the uploading of any video depicting the interaction. The video depicting the interaction speaks for itself, and any characterizations of the same are denied. By way of further response, the angle of the video recording makes it evident that the footage was not produced or published by the Reading Police Department or any Defendants. Defendants aver that in an interview, Plaintiff states "Brother Matt" was filming the video available on YouTube.com. The YouTube video featuring an interview by Plaintiff cites the recording as a courtesy of Matthew Wear. By way of further response, the interaction was also recorded on the Defendant Officers' body worn cameras.

28. Admitted in part. Denied in part. Defendants admit Plaintiff held a sign which stated, "JESUS SAID GO AND SIN NO MORE," and he wore a t-shirt which contained the text, "YOU MUST BE BORN AGAIN," among other things. The Defendants deny the remaining averments in this paragraph.

29. Admitted in part. Denied in part. It is admitted only that Plaintiff did not hurl any object towards the flag-raising ceremony. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

30. Denied. The videos of the encounter are pieces of media which speak for themselves, and any alternative interpretations are denied. By way of further response, Defendants assert that the video captured by police body-cameras does not clearly show Plaintiff's arrival. The remaining averments are denied.

31. Denied as stated. The conversation to which the averments in this paragraph refer were captured on video. Any characterizations of the same are denied. By way of further response, while it is admitted that Sgt. McClure used the word "respect" during this

conversation, it is denied that he "ordered" Plaintiff to "respect the flag raising ceremony" as alleged. The remaining averments in this paragraph are denied. It is further denied that the available video-recording footage shows Plaintiff's actual arrival and any actions prior to his interaction with Sgt. McClure.

32. Admitted in part. Denied in part. Defendants admit that Plaintiff projected his voice towards the northside of the street, where the permitted Pride rally was taking place, and called out, "Yo, God is not." The remaining averments are denied.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and therefore they are denied.

34. Denied. Defendants further deny Plaintiff's characterizations of the volume and tone of his voice. By way of further response, video of the incident appears to show that event patrons' attention was drawn toward Plaintiff.

35. Denied. Furthermore, all allegations with regard to injury and damages are specifically denied and strict proof is demanded at trial.

36. Admitted in part. Denied in part. Defendants admit Plaintiff continued to speak through the arrest. The remaining averments are denied.

37. Denied.

38. Admitted. By way of further response, to the extent the averments in this paragraph quote from the police criminal complaint, the same being a writing, speaks for itself. Any characterizations of the same are denied.

39. Denied.

40. Denied as stated. The criminal charge was withdrawn four (4) days after the criminal complaint was filed. The remaining averments are denied.

41. Admitted in part. Denied in part. Defendants admit the statement publicly made by Mayor Eddie Moran. The remaining averments are denied.

42. Admitted in part. Denied in part. Defendants admit the statement made by Chief of Police for the Reading Police Department, Richard Tornielli. The remaining averments are denied.

43. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading and therefore are denied. Furthermore, all allegations with regard to injury and damages are specifically denied and strict proof is demanded at trial.

44. Denied as stated. It is admitted only that the quotations alleged in this paragraph are accurate recitations of quotations attributed to Chief Tornielli in a media report.

45. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to injury and damages are specifically denied and strict proof is demanded at trial.

46. Denied as stated. It is admitted only that several news and media outlets published and disseminated the publicly issued statements. The remaining averments are denied.

47. Denied. The averments in this paragraph state conclusions of law to which no responsive pleading is required and the same are therefore denied.

48. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

49. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

50. Denied.

51. Denied.

52. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

### COUNT I: (ALLEGED) FIRST AMENDMENT RETALIATION
### PLAINTIFF, DAMON ATKINS V. DEFENDANTS

53. Denied. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

54. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

55. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to injury and damages are specifically denied and strict proof is demanded at trial.

**WHEREFORE**, Defendants respectfully request that This Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

### COUNT II: (ALLEGED) FOURTH AMENDMENT VIOLATION
### PLAINTIFF, DAMON ATKINS V. DEFENDANTS, CITY OF READING, ET AL.

56. Denied. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

57. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

58. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to injury and damages are specifically denied and strict proof is demanded at trial.

**WHEREFORE**, Defendants respectfully request that This Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

### COUNT III: (ALLEGED) MALICIOUS PROSECUTION
### PLAINTIFF, DAMON ATKINS V. DEFENDANTS, CITY OF READING, ET AL.

59. Denied. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

60. Admitted in part. Denied in part. Defendants admit the initiation of criminal proceedings against the Plaintiff. The remaining averments in this paragraph are denied. By way of further response, the averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to injury and damages are specifically denied and strict proof is demanded at trial. Furthermore, Defendants aver that probable cause existed and justified the initiation of the arrest and subsequent criminal proceedings.

61. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

62. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to injury and damages are specifically denied and strict proof is demanded at trial.

**WHEREFORE**, Defendants respectfully request that This Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

### COUNT IV: (ALLEGED) FAILURE TO TRAIN
### PLAINTIFF, DAMON ATKINS v. DEFENDANTS, CITY OF READING, ET AL.

63. Denied. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

64. (a)-(c) Denied. The averments contained in this paragraph, and its subsections, state legal conclusions to which no responsive pleading is required and therefore are denied.

65. Denied.

66. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to injury and damages are specifically denied and strict proof is demanded at trial.

67. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to injury and damages are specifically denied and strict proof is demanded at trial.

**WHEREFORE**, Defendants respectfully request that This Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

### COUNT V: (ALLEGED) DEFAMATION (PENNSYLVANIA LAW)
### PLAINTIFF, DAMON ATKINS V. DEFENDANTS, CITY OF READING, ET AL.

68. Denied. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

69. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

70. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to injury and damages are specifically denied and strict proof is demanded at trial.

**WHEREFORE**, Defendants respectfully request that This Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

### COUNT VI: (ALLEGED) FALSE LIGHT (PENNSYLVANIA LAW)
### PLAINTIFF, DAMON ATKINS V. DEFENDANTS, CITY OF READING, ET AL.

71. Denied. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

72. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

73. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to injury and damages are specifically denied and strict proof is demanded at trial. Defendants further aver that the Defendants did not contribute to the dissemination of the statements made, that such statements were made in their official roles and subject to immunity, and that Plaintiff himself aggravated the dissemination and publicity by participating in filmed interviews discussing the arrest.

74. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to injury and damages are specifically denied and strict proof is demanded at trial. Defendants further aver that the Defendants did not contribute to the dissemination of the

statements made, that such statements were made in their official roles and subject to immunity, and that Plaintiff himself aggravated the dissemination and publicity by participating in filmed interviews discussing the arrest.

**WHEREFORE**, Defendants respectfully request that This Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

### COUNT VII: (ALLEGED) FALSE IMPRISONMENT (PENNSYLVANIA LAW) PLAINTIFF, DAMON ATKINS V. DEFENDANTS, CITY OF READING, ET AL.

75. Denied. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

76. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to injury and damages are specifically denied and strict proof is demanded at trial.

77. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

78. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

**WHEREFORE**, Defendants respectfully request that This Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

### COUNT VIII: (ALLEGED) MALICIOUS PROSECUTION (PENNSYLVANIA LAW)
### PLAINTIFF, DAMON ATKINS V. DEFENDANTS, CITY OF READING, ET AL.

79. Denied. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

80. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

81. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

**WHEREFORE**, Defendants respectfully request that This Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

### COUNT IX: (ALLEGED) ASSAULT AND BATTERY (PENNSYLVANIA LAW)
### PLAINTIFF, DAMON ATKINS V. DEFENDANTS, CITY OF READING, ET AL.

82. Denied. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

83. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied. Furthermore, all allegations with regard to injury and damages are specifically denied and strict proof is demanded at trial.

84. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

85. Denied. The averments in this paragraph state legal conclusions to which no responsive pleading is required and therefore are denied.

**WHEREFORE**, Defendants respectfully request that This Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

## AFFIRMATIVE DEFENSES

Defendants have not yet obtained adequate discovery from Plaintiff in connection with this action to fully understand Plaintiff's Complaint, and therefore, Defendants reserve the right to amend or otherwise supplement this pleading on that basis. Without limiting the generality of the foregoing, and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Defendants state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, on which relief can be granted, and further fails to state facts sufficient to entitle Plaintiff to the relief sought.

## SECOND AFFIRMATIVE DEFENSE

No act or failure to act on the part of the Defendants violated any of Plaintiff's constitutional rights.

## THIRD AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff suffered no injury or damages as a result of any acts or omissions by the Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

At all times material hereto, the Defendants' actions were appropriate under the circumstances and based upon a reasonable, good-faith belief that they were justified under the law.

**SIXTH AFFIRMATIVE DEFENSE**

At no time material hereto did Defendants act in bad faith or in any willful, wanton, outrageous, reckless and/or malicious manner.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

**EIGHTH AFFIRMATIVE DEFENSE**

Any injury or damages sustained by Plaintiff are a direct and proximate result of Plaintiff's conduct.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff assumed the risk of harm by his own conduct, including, but not limited to, refusing to comply with law enforcement.

**TENTH AFFIRMATIVE DEFENSE**

At no time material hereto were Defendants deliberately indifferent to the constitutional rights of Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants' actions were privileged and/or Defendants are immune from all or part of the claims set forth in Plaintiff's Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

At no time material hereto did Defendants act in bad faith, or wantonly, recklessly, or maliciously, or with a disregard for Plaintiff's health, safety, and welfare.

**THIRTEENTH AFFIRMATIVE DEFENSE**

At all times material hereto, the Defendants' actions were appropriate under the circumstances and based upon a reasonable, good-faith belief that probable cause existed to arrest and charge Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or otherwise limited by the terms, provisions, immunities, and defenses set forth in the Political Subdivision Tort Claims Act 42 Pa. CSA § 8451, *et seq*. All defenses therein are incorporated by reference as though fully set forth at length herein.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants assert every defense available to them in the existing Civil Rights Act, 42 U.S.C. § 1983.

### SIXTEENTH AFFIRMATIVE DEFENSE

At all times material to this litigation, Plaintiff was treated in a proper and lawful manner in accordance with all the United Stated Constitution, the Constitution of the Commonwealth of Pennsylvania, and all state and federal laws.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants Mayor Moran, Chief Tornielli, Sgt. McClure and Officer Dupree are entitled to qualified immunity.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants Mayor Moran, Chief Tornielli, Sgt. McClure and Officer Dupree did not violate clearly established law and, at all times material to this litigation, acted in a manner which was proper, reasonable and lawful and in the exercise of good faith and, as such, enjoys not only a right to qualified immunity but also a right not to go to trial as articulated in *Mitchell v. Forsyth*, 472 U.S. 511 (1985).

### NINETEENTH AFFIRMATIVE DEFENSE

No act, action, or omission of Defendants was the proximate cause or legal cause of any damage allegedly sustained by the Plaintiff and this states a complete defense to the within causes of action.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff fails to set forth sufficient facts to meet the elements of retaliation, Fourth Amendment violations, malicious prosecution, failure to train, defamation, false light, false imprisonment, or assault and battery under Federal or State law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

No act or actions of Defendants deprived Plaintiff of his liberty.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's malicious prosecution claims fail, as Plaintiff was not deprived of any interest in life, liberty, or property. *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009); *Black v. Montgomery Cty.*, 835 F.3d 358 (3d Cir. 2016).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's false imprisonment, illegal search and seizure and other claims fail, as probable cause existed for the disorderly conduct charges.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

At no time material hereto did the City of Reading, or any of its agents or employees, adopt, permit, or follow, either formally or informally, a policy, custom or practice of violating a person's constitutional rights or which in any other way tolerated or permitted the violation of the civil rights of any individual, including Plaintiff.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

At all times material hereto, the policies and procedures of the City of Reading have been reasonable and appropriate and have ensured the protection of all rights, privileges, and immunities of all individuals, including Plaintiff.

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

At all times material hereto, the training of police officers employed by the City of Reading was sufficient and appropriate to ensure the protection of all rights, privileges, and immunities of all individuals, including Plaintiff.

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

At all times material hereto, Defendants were not aware of any problems or deficiencies in their policies relating to the rights of citizens to protest and express their viewpoints.

**WHEREFORE**, Defendants respectfully request that This Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorney's fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Court.

**MacMain Leinhauser PC**

Dated: September 18, 2023      By:   */s/ David J. MacMain*
David J. MacMain
PA Attorney I.D. No. 59320
Brian C. Conley
PA Attorney I.D. No. 311372
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendants City of Reading, Eddie Moran, Richard Tornielli, Bradley T. McClure, and Courtney Dupree*

**CERTIFICATE OF SERVICE**

I, David J. MacMain, Esquire, hereby certify that on this 18th day of September 2023, a copy of the foregoing *Defendant, City of Reading Police Department, et al's Answer and Affirmative Defenses to Plaintiff's Complaint* was served upon the following via ECF:

Joel Ready, Esq.
Cornerstone Law Firm
Suite 3
8500 Allentown Pike
Blandon, Pa 19510
*Attorney for Plaintiff*

**MacMain Leinhauser PC**

By: */s/ David J. MacMain*
David J. MacMain
PA Attorney I.D. No. 59320
Brian C. Conley
PA Attorney I.D. No. 311372
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendants City of Reading, Eddie Moran, Richard Tornielli, Bradley T. McClure, and Courtney Dupree*