IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON ATKINS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Docket No. 5:23-cv-02732 |
| | : |
| CITY OF READING, EDDIE MORAN, RICHARD TORNIELLI, BRADLEY T. MCCLURE, and COURTNEY DUPREE, | : |
| | : |
| Defendants. | : |

**STIPULATION OF CONFIDENTIALITY**

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned, that:

1. As used herein, the following words are defined as follows:

   (a) "this case" or "this litigation" shall mean the civil action captioned, *Damon Atkins v. City of Reading, et al.*, in the United States District Court for the Eastern District of Pennsylvania, Docket No. 5:23-cv-02732;

   (b) "Plaintiffs" shall mean Plaintiff, Damon Atkins, and "Reading Defendants" shall mean City of Reading, Mayor Eddie Moran, Former Chief Richard Tornielli, Sergeant Bradley T. McClure, and Officer Courtney Dupree; and each a "Party" and collectively referred to as the "Parties."

   (c) "this Court" or "Court" means the United States District Court for the Eastern District of Pennsylvania; and

   (d) "disclosed," "furnished" or "submitted" means, without limitation, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

1

2. Counsel for the Parties shall not produce any records/documents reflecting information relating to the named Reading Defendants' family members, telephone numbers, financial records/institutions, medical/health information, insurance information and home addresses of the individually named Reading Defendants.

3. Reading Defendants will produce all responsive records, reports, personnel files of the Reading Defendants ("Personnel Files") and relevant policies and procedures ("Policies and Procedures") subject to the following conditions:

    a. Reading Defendants, as applicable, shall not be required to produce information unrelated to the allegations forming the basis of Plaintiff's Complaint;

    b. Reading Defendants shall not redact information from such files including any information that is publicly available, any information that would be subject to disclosure under Pennsylvania's Right to Know Law, incident numbers, the names and identifying information (other than Social Security numbers, dates of birth and driver's license numbers, etc.) for employees, including such employees who are witnesses or sources in any internal investigation, however, the home addresses, emails, telephone numbers, etc., of any such employee witnesses shall be subject to the same provisions set out above with respect to the addresses, telephone numbers, etc. of the named individual Reading Defendants, and subject to any restrictions required by any federal or state statute, code, regulation, etc.;

    c. Counsel for the Parties shall not disclose any Personnel Files, previously/currently produced reports, videos, and/or photographs, nor Policies and Procedures to any person other than the Parties or consultants engaged by them for the purposes of this litigation, and any such consultants must be made aware of this Stipulation and agree not to disclose or use such documents for any purpose other than this litigation before such documents

may be disclosed to them;

   d. at the conclusion of the litigation, all parties to whom counsel have disclosed such documents shall be required to return them to counsel;

   e. at the close of the litigation, counsel for the Parties shall destroy all such documents and shall certify to Reading Defendants' counsel, as applicable, in writing that all such documents have been destroyed.

  4. All documents that may compromise the safety, security, business relationships or any employees of City of Reading ("Safety-Related Documents") to be later identified by Reading Defendants, including but not limited to, sensitive information that may appear in Reading Defendants' Personnel Files, Policies and Procedures, and/or reports which are/were disclosed, furnished or submitted, either voluntarily or pursuant to Court order, by or on behalf of any Party to any other Party in this litigation, whether or not designated confidential, shall be used solely in connection with pretrial proceedings, preparation for trial, trial, or other proceedings in this litigation.

  5. All relevant documents contained within the Personnel Files which are disclosed, furnished or submitted, either voluntarily or pursuant to Court order, by or on behalf of any Party to any other Party in this litigation, whether or not designated confidential, shall be used solely in connection with pretrial proceedings, preparation for trial, trial, or other proceedings in this litigation.

  6. Reading Defendants shall mark such Safety-Related Documents, Personnel Files, Policies and Procedures and/or other documents as "CONFIDENTIAL," as applicable, at the time of production.  Except as set forth herein, documents marked as such shall be used only for the purposes of this litigation, and not be disclosed to any person other than:

    (a) Counsel for the Parties in this case;

    (b) Necessary secretarial and clerical personnel assisting counsel for the Parties in this case;

    (c) Qualified persons taking testimony involving such documents, and necessary stenographic and clerical personnel thereof;

    (d) Individuals retained in this case as experts pursuant to Federal Rule of Civil Procedure 26(b)(4) (both testifying and non-testifying) and their staff;

    (e) The Parties and those officers, directors, partners and managing agents of a Party who are charged with controlling this action on behalf of that party;

    (f) Witnesses at deposition or trial; and

    (g) The Court, officers of the Court, and any other personnel authorized by the Court.

  7. Notwithstanding the foregoing restrictions on use, policies and procedures produced in this litigation subject to this confidentiality agreement may be used, subject to any applicable limitations imposed by law and relevant rules of evidence, in the lawsuit captioned as *Aden Rusfeldt v. City of Reading, et al.*, pending in the United States District Court for the Eastern District of Pennsylvania, Docket No. 5:23-cv-01523 (hereinafter, the "*Rusfeldt* Matter"). For all such documents subject to this provision, all other provisions of this Stipulation of Confidentiality shall apply in the *Rusfeldt* Matter, except those restrictions on use limited to this litigation. Such provisions of this Confidentiality Stipulation limiting use of documents to this litigation that are subject to this provision shall be read and understood to apply to both this litigation and the *Rusfeldt* Matter.

8. When any Personnel Files, and Policies and Procedures, and/or Safety-Related Document is included in any authorized transcript of a deposition or the exhibits thereto, arrangements shall be made by the Party noticing the deposition with the court reporter taking the deposition to bind that portion of the transcript and label it "CONFIDENTIAL."

9. When any video, in any portion or in whole, is included in any authorized transcript of a deposition or the exhibits thereto, arrangements shall be made by the Party noticing the deposition with the court reporter taking the deposition to bind that portion of the transcript and label it "CONFIDENTIAL."

10. If during pretrial proceedings any Party wishes to file a document marked "CONFIDENTIAL" with the Court, that Party shall file the document under seal (and/or seek leave to do so if leave of Court is required). This Stipulation does not apply to the use at trial of documents marked "CONFIDENTIAL," which may be the subject of a separate agreement among the Parties at or about the time of the pre-trial conference.

11. The inadvertent disclosure of confidential information by any party shall not be construed as a waiver of confidentiality.

12. In the event of a non-inadvertent disclosure of information marked as "CONFIDENTIAL," the Party who caused the non-inadvertent disclosure will be subject to a penalty and/or sanctions to be determined by the Court upon Motion of the Party who did not cause the non-inadvertent disclosure.

13. The designation of "CONFIDENTIAL" shall be applied as narrowly as practicable and, where possible, shall be limited to a portion of a document or other tangible thing rather than the entire document or other tangible thing.

14. The parties hereto reserve the right to apply to the Court for an order seeking further protection against discovery or other use of confidential documents and/or an order seeking to compel the production of discovery that is/was deemed confidential by any other party.

15. Counsel for the Parties, at any time, may request that Reading Defendants withdraw, as applicable, the designation of "CONFIDENTIAL" with respect to any information, document and/or other tangible thing asserted by Reading Defendants to be confidential.  Such request shall be made in writing to counsel for Defendants and shall particularly identify the designated confidential materials that the Party maintains should not be designated as such and shall set forth the reasons supporting the contentions as to why the information, document and/or other tangible thing in question should not be as designated by Reading Defendants.  If Reading Defendants do not agree to withdraw the contested designation with respect to the information, document and/or other tangible thing in question, they may thereupon move the Court for entry of an Order maintaining the confidentiality of the information, document and/or other tangible thing in question.  If the Reading Defendants do not move for such an order within ten days of such withdrawal request the information, document, and/or other tangible things shall no longer be treated as "CONFIDENTIAL".

16. In the event the Parties are requested or become legally compelled to disclose any confidential materials, whether through subpoena or other similar process, counsel for the Parties will provide counsel for Reading Defendants with prompt notice (unless such notice is itself prohibited by law) so that Reading Defendants may seek a protective order or other appropriate remedy.

Respectfully submitted,

                                                      **Cornerstone Law Firm LLC**

Date: <u>January 22, 2024</u>        By:   <u>*/s/ Joel A. Ready*</u>
                                                              Joel A. Ready, Esq.
                                                              8500 Allentown Pike, Suite 3
                                                              Blandon, PA 19510
                                                              *Attorney for Plaintiff*


                                                  **MacMain Leinhauser PC**

Date: <u>January 22, 2024</u>        By:   <u>*/s/ David J. MacMain*</u>
                                                              David J. MacMain
                                                               PA Attorney I.D. No. 59320
                                                              Brian C. Conley
                                                               PA Attorney I.D. No. 311372
                                                               433 W. Market Street, Suite 200
                                                               West Chester, PA 19382
                                                               *Attorneys for Reading Defendants*

## CERTIFICATE OF SERVICE

I, David J. MacMain, Esq., hereby certify that on this 22nd day of January 2024, a copy of the foregoing *Stipulation of Confidentiality* was served upon all counsel of record via e-mail:

Joel A. Ready, Esq.
8500 Allentown Pike, Suite 3
Blandon, PA 19510
*Attorney for Plaintiff*

Respectfully submitted,

**MacMain Leinhauser PC**

By:   /s/ David J. MacMain
David J. MacMain
PA Attorney I.D. No. 59320
Brian C. Conley
PA Attorney I.D. No. 311372
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Reading Defendants*