**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAMON ATKINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Docket No. 5:23-cv-02732 |
| | : | |
| CITY OF READING, EDDIE MORAN, | : | |
| RICHARD TORNIELLI, BRADLEY T. | : | |
| MCCLURE, and COURTNEY DUPREE, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS, CITY OF READING, EDDIE MORAN, RICHARD TORNIELLI, AND
BRADLEY MCCLURE'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR
<u>RELIEF FROM PROTECTIVE ORDER</u>**

Defendants, City of Reading, Mayor Eddie Moran, Chief Richard Tornielli, and Sergeant

Bradley T. McClure (hereafter referred to as "Defendants"), by and through their undersigned

counsel, MacMain Leinhauser, PC, hereby file this Brief in Opposition to Plaintiff's Motion for

Relief from Protective Order (ECF 20) and respectfully request that Plaintiff's Motion be denied

in all respects.

**I.      <u>INTRODUCTION</u>**

Plaintiff's counsel, who also represents Aden Rusfeldt in another matter pending before

this Court,[1] improperly filed and captioned the instant Motion as if the *Rusfeldt* matter and the

instant matter were consolidated. They are not. Plaintiff's counsel also files this Motion

purportedly on behalf of his law firm, Cornerstone Law Firm, LLC, as if it is a party entitled to

seek and obtain relief. It is not. Plaintiff's counsel asserts that he and his law firm (hereinafter

---

[1] *Rusfeldt v. City of Reading, et al.*, No. 5:23-cv-01523. This Court is well aware of the procedural history of that
matter and Plaintiff's counsel's repeated improper and bad faith litigation conduct. The instant motion is consistent
with that behavior.

referenced simply as Plaintiff's counsel) – as an independent non-party – has the right to utilize information he has obtained in these matters in other matters, thereby circumventing the rules of civil procedure for his own business and pecuniary benefit. The substance of the Motion suggests that the motivation behind it is not for the benefit of Plaintiff, Damon Atkins, or for Plaintiff, Aden Rusfeldt, in the *Rusfeldt* matter,[2] but solely in the interests of Plaintiff's counsel and Cornerstone Law Firm. The Motion should be denied as being sought improperly and in bad faith.

The substance of Plaintiff's Motion is no more legitimate than its motive. In essence, Plaintiff seeks to be excused from a Stipulation that he signed and agreed to, but which his attorney apparently now regrets. If Plaintiff did not desire to enter into the confidentiality agreement, he was under no obligation to do so.

Finally, the Motion is moot because the purported reasons for seeking leave to amend (relief from the "burden" of filing General Order 602 under seal in summary judgment practice in this case and in the proposed Amended Complaint in the *Rusfeldt* matter) are no longer at issue. The deadline to file summary judgment motions in this matter is May 17, 2024 and, at the time of this filing, no summary judgment motion has been filed. Additionally, the Motion for Leave to Amend in the Rusfeldt matter was denied on May 15, 2024[3] and, accordingly, the policies and procedures of the City of Reading are irrelevant to that case. Finally, and most

---

[2] Indeed, it is evident from the flurry of motions Plaintiff's counsel filed in the Rusfeldt matter that the instant Motion was filed so that Plaintiff's counsel could use discovery material from the instant case in the Rusfeldt matter. *See* the docket in *Rusfeldt v. City of Reading*, No. 5:23-cv-01523 (hereinafter "*Rusfeldt* Docket") at ECF 31/40 (Rusfeldt's Motion to Amend), ECF 41 (Rusfeldt's Response in Support of Motion to Amend, at p. 3-4, referencing General Order 602 produced in this case and not marked as confidential), and ECF 46 (Rusfeldt's inaccurately titled Brief in Opposition to Defendants' Motion for Summary Judgement at p. 36, referencing General Order 602 and filing it under seal counsel in a transparent effort by Plaintiff's counsel to legitimize this baseless Motion).
[3] *See Rusfeldt* Docket at ECF 50.

importantly, General Order 602 does not have to be filed under seal in this case under the express terms of the Confidentiality Agreement as will be addressed herein below.

Accordingly, and for the reasons set forth herein, the improperly filed Motion for Relief from Protective Order (ECF 20) should be denied in all respect in this matter and in the *Rusfeldt* matter.

## II.   <u>PROCEDURAL HISTORY</u>

Plaintiff initiated this action by filing a Complaint on July 18, 2023 against The City of Reading, Eddie Moran, Richard Tornielli, Bradley T. McClure and Courtney Dupree.[4] ECF 1. Plaintiff raises the following claims:

1.  First Amendment retaliation pursuant to 42 U.S.C. § 1983 (Count One);
2.  Fourth Amendment unreasonable seizure pursuant to § 1983 (Count Two);
3.  Malicious Prosecution pursuant to § 1983 (Count Three);
4.  Failure to Train pursuant to § 1983 (Count Four);
5.  State Law Defamation (Count Five);
6.  State Law False Light (Count Six);
7.  State Law False Imprisonment (Count Seven);
8.  State Law Malicious Prosecution (Count Eight); and
9.  State Law Assault and Battery (County Nine).

*See* ECF 1. Following waivers of service, the Defendants filed an Answer to the Complaint on September 18, 2023. ECF 10. On January 22, 2024, the parties (Plaintiff Damon Atkins and all then-named Defendants; but not Cornerstone Law Firm) executed a Stipulation of Confidentiality, which was signed by Plaintiff's counsel, Joel A. Ready on behalf of the Plaintiff, and Defendants' counsel, David J. MacMain, on behalf of Defendants. ECF 15. On February 5, 2024, this Honorable Court approved the Stipulation of Confidentiality. ECF 16 (collectively with ECF 15, the "Confidentiality Stipulation" or "Stipulation"). The Confidentiality Stipulation speaks for itself.

---

[4] Courtney Dupree is deceased and no longer a party to this matter. *See* ECF 18, 19.

Via correspondence dated April 24, 2024, Plaintiff's counsel requested that several designations under the agreement be modified. Notably, he requested that the "Confidential" designation be removed from the documents bates-labelled as "Reading 61-71," "Reading 78-82," and "Reading 90-94." Plaintiff's April 24, 2024 correspondence is attached hereto as Exhibit "A." The request is entirely superfluous because none of those documents are in fact marked as "Confidential." *See* Exhibit "A" to Plaintiff's Motion for Relief (ECF 20-1). Plaintiff also requested that several policies actually marked as "Confidential" have that designation removed, inclusive of the Chain of Command policy (bates numbers "Reading 72-76"), the Command Authority During the Absence of the Chief of Police policy ("Reading 77"), and the Internal Affairs Investigation policy ("Reading 83-89") (*see* ECF 20-1). By correspondence dated April 26, 2024, the undersigned counsel advised Plaintiff's counsel that Defendants did not consent to Plaintiff's requests as set forth in the April 24, 2024 correspondence. A true and correct copy of Defendants April 26, 2024 correspondence is attached hereto and incorporated herein as Exhibit "B."

On May 3, 2024, on the date of the deadline for fact and expert discovery in this matter (ECF 13) and five months after the deadline to amend and three days after the deadline for dispositive motions in the Rusfeldt matter, Plaintiff filed the instant Motion for Relief, seeking, essentially, to terminate the Confidentiality Agreement (see Plaintiff's proposed order, ECF 20-2). Defendants now timely respond thereto and request that the Motion be denied.

III.   **ARGUMENT**

Plaintiff, and his counsel on his own behalf,[5] misapplies the law and seeks relief from a stipulation that he executed on his own free-will. There are no grounds to modify a stipulation

---

[5] For purposes herein, Defendants will refer to Plaintiff with the understanding that the term is inclusive of his counsel, who is not a party to the case or the stipulation, but seeks relief therefrom in any event.

that Plaintiff agreed to with the advice and consent of his attorney (by virtue of the fact that Plaintiff's counsel signed the document). To the extent that Plaintiff refers to the Confidentiality Stipulation as if it were ordered by the Court without his consent – which he does throughout his Motion, Defendants request that the Court take judicial notice of the fact that this Court at ECF 16 merely approved the Stipulation of Confidentiality (ECF 15) that was freely executed by the parties. Accordingly, the Motion must be denied.

      A.     **The *Pansy* Factors are not Applicable**

Plaintiff relies on *Pansy v. Borough of Stroudsburg*, 23 F. 3d 772 (3d Cir. 1994) as the basis for requesting modification of the Confidentiality Stipulation. However, *Pansy* is entirely inapplicable here because it did not involve a stipulation agreed to by the parties, but rather an order of confidentiality related to a settlement agreement that was entered by the Court and not by stipulation of the parties. *Pansy*, 23 F.3d at 776. According to the Third Circuit, its opinion in *Pansy* only applied to "confidentiality orders," which it defined as "any court order which in any way restricts access to or disclosure of any form of information or proceeding, including but not limited to 'protective orders,' 'sealing orders' and 'secrecy orders.'" *Id*., at 777, n. 1. Moreover, *Pansy* involved a third-party newspaper, which sought access to a settlement agreement involving a political subdivision. *Id*. at 776-777.

In this case, the Confidentiality Stipulation is not a "confidentiality order" under *Pansy*, but an agreement between litigants to keep certain documents confidential and limit their dissemination outside of the parties to the litigation and their applicable counsel and use therein. Moreover, the party seeking relief here is not a third-party that did not agree to confidentiality, but to the contrary a signatory to an agreement. In *Pansy*, the newspaper was not afforded the luxury of deciding whether certain documents should be confidential. Here, Plaintiff had and

availed himself of the opportunity to deliberate whether to enter into the Confidentiality Stipulation, and in fact negotiated the provisions thereof, before executing the same of his own accord. Quite simply, if Plaintiff did not want to be bound by the Confidentiality Stipulation, he could have decided not to sign it. Now that he apparently regrets his decision is not grounds to modify the agreement.

### B.    Plaintiff Freely Entered the Confidentiality Stipulation

To the extent that Plaintiff now argues that the documents produced are "legitimate matters of public concern" is irrelevant. Plaintiff agreed to and executed the Confidentiality Stipulation. Had he wished to view the documents with the undersigned before signing the Confidentiality Stipulation, he could have asked for that opportunity, and it would have been granted.[6] That he did not, and now regrets his decision is not grounds for modifying an agreement between the parties, which this Honorable Court approved.[7]

Plaintiff's counsels' argument that *the Defendants* limited his law firm's access to information (*see* ECF 20-3, p. 8) is equally unavailing for the same reasons. First, to suggest that Defendants affirmatively acted to restrict access is absurd. Again, Plaintiff's counsel signed and agreed to the Confidentiality Agreement. Accordingly, it was his own choice to limit the use of the information. Whether he regrets his decision is not a reason to modify the Confidentiality

---

[6] Further seeking to blame Defendants for a decision he now regrets, Plaintiff suggests that Defendants had the obligation to submit the documents – it is unclear if he is referring to all document produced or only those marked as confidential, but the difference is immaterial – for "in camera review. This is not so. Plaintiff had the opportunity to review the Confidentiality Agreement, and in fact negotiated its content, requested a revision to permit certain documents to be used in the *Rusfeldt* matter. He was under no obligation to sign the Stipulation, but entered if freely and with full knowledge of its content and import, with the benefit of the advise of counsel. Had Plaintiff thought in camera review was necessary, he could have made different choices or requested the opportunity to review the documents before executing the Confidentiality Stipulation. That he did not do these things is not grounds for relieving Plaintiff of his obligations under the Confidentiality Stipulation.

[7] Plaintiff also suggests, improperly, that he "relied upon" the representations of Defendants' counsel that the City of Reading "possessed confidential information." Plaintiff's bald accusations are improper and should not be considered. In any event, as previously stated, Plaintiff agreed to the Confidentiality Stipulation and did not request confidential review of the documents.

Stipulation. Moreover, Defendants owe no obligation Cornerstone Law Firm, LLC, which is neither a party to this case nor the *Rusfeldt* case.

For the same reasons, whether the policies may be requested under the Pennsylvania Right-to-Know Law is irrelevant. Plaintiff agreed to the provisions of the Confidentiality Stipulation. The Right-to-Know Law is entirely inapplicable.

C.   **The Policies Designated as Confidential Implicate Officer Safety and Operational Security**

The Chain of Command policy and the Command Authority in the Absence of the Chief of Police policy, must remain confidential because their disclosure could implicate officer safety. Specifically, if the public had knowledge of the command structure, a party seeking to "decapitate" a police department by eliminating a key individual would have the requisite knowledge to do so.

Regarding the Internal Affairs Investigation policy, it must remain confidential to ensure the integrity of investigations of police misconduct. Should the policy be disclosed, it might dissuade individuals from reporting police conduct and might permit the subject of such an investigation to intimidate potential witnesses. In any event, the policy is completely irrelevant in the absence of an internal investigation in this case.

III.   **CONCLUSION**

For the reasons set forth herein, Defendants respectfully request that Plaintiff's Motion for Relief from Protective Order be denied in all respects.

Respectfully submitted,

**MacMain Leinhauser PC**

Dated: <u>May 17, 2024</u>                    By:    <u>*/s/ Brian C. Conley*                   </u>
David J. MacMain
PA Attorney I.D. No. 59320
Brian C. Conley
PA Attorney I.D. No. 311372
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Brian C. Conley, Esquire, hereby certify that on this 17th day of May, 2024, a copy of the foregoing was served upon the following via ECF:

Joel Ready, Esq.
Cornerstone Law Firm
Suite 3
8500 Allentown Pike
Blandon, Pa 19510
*Attorney for Plaintiff*

Benjamin Lewis, Esq.
Gross McGinley LLP
33 South Seventh Street
PO Box 4060
Allentown, PA 18105
*Co-Counsel for Plaintiff*

**MacMain Leinhauser PC**

By:   */s/ Brian C. Conley*
David J. MacMain
PA Attorney I.D. No. 59320
Brian C. Conley
PA Attorney I.D. No. 311372
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendants*