# EXHIBIT A



**CORNERSTONE LAW FIRM** LLC

8500 Allentown Pike, Suite 3
Blandon, PA 19510

April 24, 2024

*VIA EMAIL:* bconley@macmainlaw.com
Brian C. Conley, Esquire
MacMain Leinhauser PC
433 W. Market Street, Ste. 200
West Chester, PA 19382

**Re:** **Request to Modify Stipulation of Confidentiality and for Other Purposes**
**Atkins v. City of Reading, et al., No. 5:23-CV-02732-JMG**
**Rusfeldt v. City of Reading, et al., No. 5:23-CV-02732-JMG**

Dear Attorney Conley,

This letter concerns the Stipulation of Confidentiality (Jan. 22, 2024) (the "Stipulation"). Early in the <u>Atkins</u> case, we agreed to the Stipulation in order to expeditiously move discovery forward and I relied in good faith on your representations that you had confidential material. Having opportunity to review the discovery material that was produced, you included things that could <u>not</u> possibly have been regarded as confidential as a matter of law and the Stipulation was improper.

**I.      Request for Modification.**

The Stipulation provides the following requirements as to policies and procedures whether the same are marked "Confidential" or not:

Paragraph 2(c):      May not disclose to any person.
Paragraph 2(e):      At the close of the litigation, such documents must be destroyed.
Paragraph 4:         May only be used in the instant litigation.
Paragraph 8:         All policies and procedures, if admitted as an exhibit during a deposition, must be bound as "Confidential" (even though not originally marked "Confidential").

I request that our Stipulation be modified to reflect that the foregoing requirements do not apply to policies and procedures that were not marked as "Confidential" when produced by the Defendants. That is inclusive of the documents bates numbered Reading 000061 to 71, Reading 000078 to 82, and Reading 000090 to 94.

Reasons:

Joel A. Ready, Esquire| Admitted to Practice in PA, NJ, MD
8500 Allentown Pike, Suite 3 | Blandon, Pennsylvania 19510
*phone* 610.926.7875 | *fax* 484.930.0054 | joel@cornerstonelaw.us

April 24, 2024
Page 2

(1)     These restrictions are inappropriate given the fact that general policies and procedures of the Reading Police Department can be requested and obtained under the Right-to-Know Law. 65 P.S. § 67.101 et seq. The Law exempts from disclosure a record "relating to or resulting in a criminal investigation," id. § 67.708(b)(16). In construing this provision, our Supreme Court of Pennsylvania made clear that documents and electronic material in the possession of a law enforcement agency are not a per se investigation and whether it "contains criminal investigative material must be determined on a case-by-case basis." E.g., Pennsylvania State Police v. Grove, 161 A.3d 877, 894 (Pa. 2017) (motor vehicle recordings). Even as to criminal investigations, "the exceptions to disclosure of public records must be narrowly construed." Id. at 892 (quotation omitted). "The plain meaning of a 'criminal investigation' clearly and obviously refers to an official inquiry into a possible crime." Id. at 892-93. Disclosure of policy documents from a law enforcement agency were compelled by the Office of Open Records and upheld on appeal, in ACLU of Pennsylvania v. Pennsylvania State Police (*ACLU I*), 232 A.3d 654 (Pa. 2020) and ACLU of Pennsylvania v. Pennsylvania State Police (*ACLU II*), 300 A.3d 386, 395-96 (Pa. 2023). In that litigation, the ACLU had requested disclosure of the State Police's AR 6-9, which "establishes policies and procedures for PSP personnel when using social media monitoring software." ACLU I, 232 A.3d at 508. The OOR determined that this was a policy document, not related to any specific criminal investigation. The same reasoning applies to the aforementioned bates-numbered documents.

(2)     Federal law does not recognize any privilege in general policies of a municipal police department. "[T]he public has the strongest interest in maintaining the confidentiality of police files when those files concern an ongoing criminal investigation." Crawford v. Dominic, 469 F. Supp. 260, 264 (E.D. Pa. 1979). Such privilege does not apply to policies, procedures, and training materials. Casaccia v. City of Rochester, 2020 U.S. Dist. LEXIS 37585, at *17-19 (W.D.N.Y. Mar. 3, 2020). "In the absence of controlling authority, the undersigned will not recognize an expansion of the law enforcement privilege to include documents or manuals containing law enforcement policies and procedures." United States v. Charles, 2008 U.S. Dist. LEXIS 102918, at *8 (W.D. La. Dec. 9, 2008).

(3)     To the effect that these restrictions may impair my advocacy for another client, the same may run afoul of the *Pennsylvania Rules of Professional Responsibility*. We shouldn't allow the Stipulation to create such an unnecessary conflict.

(4)     It is an unreasonable burden to file the aforementioned documents under seal when the same were never confidential to begin with.

Based on the foregoing, a court would find that the Stipulation is not enforceable in the specific context of policies and procedures. Rather than fight with each other over this, I request that we do the right thing and treat this letter as a modification.

## II.     Request to Remove Confidential Designations.

Your office marked as "Confidential" the documents bates-numbered Reading 000073 to 76 (General Order No. 402 relating to Chain of Command) and Reading 000083 to 89 (General Order No. 1402 relating to Internal Affairs Investigations).

April 24, 2024
Page 3

Pursuant to Paragraph 15 of the Stipulation, please accept this letter as notice of my request that the "Confidential" designation be removed from the aforementioned documents. I further request that our modification in Part I equally apply to these documents. Once again, these are policy documents unrelated to any criminal investigation. The Office of Open Records would have compelled the unredacted disclosure of General Order Nos. 402 and 1402. In fact, as a matter of public policy, the City would *want* the public to know this information. For General Order No. 1402, in particular, it would inform citizens that they have an administrative remedy with the Reading Police Department if there was misconduct involving an officer.

The only way a disclosure of General Order No. 1402 could be detrimental to the Police Department is if it gave an unfair advantage to a police officer subject to internal investigation, but that officer would already possess General Order No. 1402.

**III.    Leave to Amend Complaint in Rusfeldt Case.**

Enclosed, please find a "clean" copy and a "markup" copy of an Amended Complaint in the Rusfeldt case that I wish to file. Please inform me (1) whether you consent to the filing of the Amended Complaint and (2) even if you don't consent, whether you have no objection to the reference in Paragraph 30 of General Order No. 602.

If you consent to the filing of the amended complaint, then Rusfeldt will submit a motion to the Court to extend the discovery deadline, as we briefly discussed earlier today.

* * *

Please inform me in writing before the close of business on Friday, April 26, 2024, whether you concur with this letter, in whole or in part. Thank you in advance for your assistance and cooperation.

Very truly yours,

**CORNERSTONE LAW FIRM, LLC**

By: _____

Joel A. Ready, Esquire

Enclosures