# Exhibit A

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON ATKINS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF READING, et al.,<br><br>    Defendants. | C.A. No. 5:23-CV-02732-JMG |

| | |
|---|---|
| ADEN RUSFELDT,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF READING, et al.,<br><br>    Defendants. | C.A. No. 5:23-CV-01523-JMG |

**REPLY BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM PROTECTIVE ORDER BY DAMON ATKINS, ADEN RUSFELDT, AND CORNERSTONE LAW FIRM, LLC**

Damon Atkins and Aden Rusfeldt (together, the "Plaintiffs"), and Cornerstone Law Firm, LLC respectfully submit this Reply Brief in support of their Motion for Relief from Protective Order.

**REPLY**

The Court should find it very telling that Defendants put forward erroneous procedural arguments and personal attacks first, saving the bottom of their Brief for the actual merits of the information that was submitted to the Court under seal.

Defendants tell the Court that ours was a discovery stipulation rather than a confidentiality order. That's incorrect but the U.S. Court of Appeals for the Third Circuit held the outcome is no different even if it was. The Stipulation is a Confidentiality Order because it was signed by the

1

Court with the operative language, "IT IS SO ORDERED . . ." [ECF No. 16, at 7]. Courts recognize that the operative language, "'IT IS SO ORDERED' as contained in the parties' Stipulation converts the same from a contract to an Order of the Court." J.C. v. H.M., 2023 Del. Fam. Ct. LEXIS 28, at *8 (Oct. 9, 2023). Defendants' assertion to the contrary exalts form over substance.

Even so, discovery stipulations are available "[u]nless the court orders otherwise," Fed. R. Civ. P. 29. Therefore, "Any stipulation varying the procedures may be superseded by court order," Notes of Advisory Committee on 1970 amendments to Rules, Fed. R. Civ. P. 29. The Third Circuit applied the standard articulated in Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994) in a case where parties sought to enforce "a confidentiality agreement stipulated by the parties to the underlying dispute, but which was never embodied in an order of the district court." Glenmede Trust Co. v. Thompson, 56 F.3d 476, 478 (3d Cir. 1995). Therefore, it makes no difference whether a discovery stipulation is reduced to court order or not, the same standard articulated in Pansy applies. In discovery, "The court may relieve a party from an improvident agreement or one that might work injustice." In re Westinghouse Elec. Corp. Uranium Contracts Litig., 570 F.2d 899, 902 (10th Cir. 1978) (citations omitted). The federal courts do not countenance an abuse of the discovery process where, as here, a litigant can request a confidentiality stipulation, asserting information is confidential when, in fact, it is not.

Defendants then suggest, again without citation to authority, that Cornerstone Law Firm, LLC has no standing because it is not a party to the case. Defendants ignore the Third Circuit's ruling, "We have routinely found, as have other courts, that third parties have standing to challenge protective orders and confidentiality orders in an effort to obtain access to information or judicial proceedings." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 777 (3d Cir. 1994). Under the Pansy standard, a party's law firm, in its own name, was permitted to challenge a confidentiality

2

stipulation in Glenmede Trust Co. v. Thompson, 56 F.3d 476, 478 (3d Cir. 1995). Procedural rules do not restrict the courts' inherent power over the supervision of discovery as to third parties. Eli Lilly & Co. v. Gottstein, 617 F.3d 186, 195 (2d Cir. 2010). "If courts cannot bind third parties who aid and abet the violation of their protective orders, then any party, agent, attorney or expert who comes into possession of material he wanted to use against the producing party could simply disseminate the information quickly, then deal with the damages issue after the fact." Id.

If Defendants maintain they can seek relief from this Court if Cornerstone Law Firm, LLC had violated the Confidentiality Order, then by the same token Cornerstone Law Firm, LLC has standing to apply for relief from the Order, even though a nonparty. Because the Court's Confidentiality Order is applicable to the Firm, as a nonparty, it can seek relief from the Court.

Defendants err in claiming that Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994) is inapplicable merely because that suit involved third-party intervenors. Pansy applies to any person seeking to modify a confidentiality order, whether a party or a nonparty. The balancing test applies whether involving a "party seeking protection" or "third persons," id. at 787 (quotation omitted). The factors test involves questions relative to "the party seeking closure," id. at 786, and the "party seeking to modify the order," id. at 790. The Third Circuit applied Pansy to a party-defendant and that defendant's counsel, in Glenmede Trust Co. v. Thompson, 56 F.3d 476, 478-79 (3d Cir. 1995), where the defendant in the underlying action tried to enforce a confidentiality stipulation against the plaintiffs. Thus, Pansy draws no distinction whether a confidentiality order is subject to dispute by original parties to the action, nonparties that are covered by the order, or third-party intervenors. Different standards apply, however, in context of public access to discovery materials filed with the Court and public access for the attendance of trials. See *In re Avandia Marketing, Sales Practices & Prods. Liability Litig.*, 924 F.3d 662, 670 (3d Cir. 2019)

3

("We apply three distinct standards when considering various challenges to the confidentiality of documents."). But none of these standards distinguish parties and nonparties, so long as the person seeking relief can articulate an injury in fact sufficient for purposes of standing. Movants are sufficiently aggrieved for the same reasons stated below why this controversy is not moot.

Next, Defendants' have no meritorious explanation why the information filed under seal should be confidential. They tell the Court, "if the public had knowledge of the command structure, a party seeking to 'decapitate' a police department by eliminating a key individual would have the requisite knowledge to do so." [ECF No. 23, at 7]. That is incorrect because the general orders submitted under seal do not identify any individual by name. The orders do not disclose the names of the Chief of Police, the Deputy Chief of Police, and officers of lesser rank, etc. If a wrongdoer wanted to "decapitate a police department," that would be restricted to the highest ranking officials, the names of which are already in the public domain: The Chief of Police and the Deputy Chief. Moreover, the names and ranks of members of the Reading Police Department are also subject to disclosure under the Right-to-Know Law, which as shown under Pansy, is a relevant consideration.

Defendants then claim that disclosing the internal affairs policy "might dissuade individuals form reporting police conduct and might permit the subject of such an investigation to intimidate potential witnesses." [ECF No. 23, at 7]. These explanations are absurd on their face. (1) Informing the public that there is an internal affairs process encourages, rather than dissuades, people from reporting police misconduct. Discouraging such reports exists from a state of ignorance, not knowledge. (2) There is no ability to intimidate potential witnesses because the policies, in themselves, do not relate to any investigation and do not name any individual at all. A wrongdoer who seeks to intimidate a potential witness would do so upon knowledge that the witness was cooperating with the police, not by virtue of reading police policies which don't

4

mention the name of any person. Based on the foregoing, Defendants fail the Pansy standard. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." Pansy, 23 F.2d at 786 (quotations omitted).

Next, Defendants state in a footnote that Plaintiff's reliance upon the representations of Defendants' counsel regarding confidential information amounts to "bald accusations" which "are improper and should not be considered." [ECF No. 23, at 6 n.7]. No citation to authority is provided. Furthermore, observe that Defendants do not deny making such representations through their counsel. Defendants did not provide the information to undersigned counsel before the Stipulation was made, thereby leaving Atkins, Rusfeldt and their counsel at the mercy whether Defendants were appropriately seeking the protection of *bona fide* confidential information. Essentially, Defendants claim we should not have relied on their counsel's representations that information provided would be a danger to the police, which we now know that is seriously inaccurate. The gravamen is whether the information subject to the Court's order is not confidential, rendering the Order improvident. By not addressing the Pansy factors, the Court should deem the matter waived by Defendants. Defendants improperly deflect by telling the Court that the Motion is motivated "solely in the interests of Plaintiff's counsel and Cornerstone Law Firm," which somehow is "in bad faith." [ECF No. 23, at 2]. Defendants do not explain how they can avoid the merits under Pansy where that is not a relevant consideration.

Defendants argue the issue is "moot." A protective order is never moot so long as the Order is in effect: "[A] protective order, like any ongoing injunction, is always subject to the inherent power of the district court to relax or terminate the order, even after judgment." Poliquin v. Garden Way, 989 F.2d 527, 535 (1st Cir. 1993). Movants are aggrieved because we are all subject to the Confidentiality Order, with the threat of sanctions and contempt of court for any unauthorized

disclosure or use of the Reading Police Department's policies and procedures — the same documents where Defendants refuse to stipulate for a modification of the Order and admit to the Court their refusal. Neither Aden Rusfeldt nor Damon Atkins should be subject to liability exposure under the Order where the information, in itself, is *not* confidential. It is improper to restrict the ability of Cornerstone Law Firm, LLC to represent future clients in this manner where, as submitted to the Court under seal, the information is not confidential. Thus, Defendants do not unequivocally represent that movants are somehow exempt from enforcement of the Order as applied to the documents we filed under seal, which shows a live controversy.

Finally, Defendants misdirect the inquiry by asserting that they are not withholding information from Cornerstone Law Firm (CLF) after the Stipulation was made. [ECF No. 23, at 6-7]. That has never been the contention here. The contention is whether the information we filed under seal, which is not confidential, cannot be publicly disclosed or, in the case of CLF, not permitted to be used in future litigation involving different parties. On this score, Defendants do not deny that the Confidentiality Order is applicable and, based on its plain language, they cannot.

## CONCLUSION

**WHEREFORE**, based on the forgoing and as previously argued, the Court should grant the Motion for Relief from Protective Order by Damon Atkins, Aden Rusfeldt, and Cornerstone Law Firm, LLC.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: May 20, 2024   By:   /s/ Joel A. Ready
　　　　　　　　　　　　　　　Joel A. Ready, Esquire
　　　　　　　　　　　　　　　PA Attorney I.D. # 321966
　　　　　　　　　　　　　　　8500 Allentown Pike, Suite 3
　　　　　　　　　　　　　　　Blandon, PA 19510
　　　　　　　　　　　　　　　(610) 926-7875