IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON ATKINS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Docket No. 5:23-cv-02732 |
| | : |
| CITY OF READING, EDDIE MORAN, | : |
| RICHARD TORNIELLI, BRADLEY T. | : |
| MCCLURE, and COURTNEY DUPREE, | : |
| | : |
| | : |
| Defendants. | : |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S PARTIAL MOTION
FOR SUMMARY JUDGMENT**

Defendants, the City of Reading, Mayor Eddie Moran, Chief Richard Tornielli, and Sergeant Bradley T. McClure (hereinafter referred to as "Defendants"), by and through their attorneys, MacMain Leinhauser PC, respectfully submit this Brief in Opposition to Plaintiff's Partial Motion for Summary Judgment (ECF 25) and, in conjunction with Defendants' Response to Plaintiff's Statement of Material and Undisputed Facts, which is filed contemporaneously herewith, respectfully request that Plaintiff's Motion be denied in its entirety.

**I.      INTRODUCTION**

Plaintiff's Partial Motion for Summary Judgment must be denied because Plaintiff fails to show that he is entitled to judgment as a matter of law on any his claims against Sgt. McClure. Plaintiff's Motion is supported not by undisputed fact, but rather by Plaintiff's unsupported interpretations, conclusions, and mischaracterizations of the underlying incident that forms the basis of his claims. The facts do not support any claim against Sgt. McClure and, in the alternative, there are genuine issues of material fact that preclude summary judgment. In the absence of undisputed fact to support his claims, Plaintiff relies instead on generalized

statements of the law, inapplicable case law, and red herrings, none of which are sufficient to prevail on summary judgment.

## II.     APPLICABLE STANDARD

Summary judgment should only be entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material when it affects the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists when the evidence requires a fact finder to resolve the parties' differing versions of the truth at trial. *Id*. at 249. Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*. at 247-48. In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir. 1983).

Here, Plaintiff's Motion for Partial Summary Judgment must be denied because Plaintiff has failed to prove the elements of his claims and, in the alternative, there are questions of material fact that must be resolved by a jury, thus preventing summary judgment from being granted.

## III.    ARGUMENT

### A.  Probable Cause to Arrest Existed or At Least is Disputed

Whether Sgt. McClure had probable cause to arrest Plaintiff is an element in his First Amendment retaliation (Count One), Fourth Amendment unreasonable arrest (Count Two), Malicious Prosecution (Counts Three and Eight), and False Imprisonment (Count Seven) claim

and is therefore addressed collectively herein. In his Motion for Partial Summary Judgment, Plaintiff *concludes* that Sgt. McClure's arrest of Plaintiff was without probable cause. The facts do not support such a conclusion and, at the very least, there are questions of fact that must be resolved by a jury to determine whether probable cause existed.

In determining whether probable cause existed, the issue is whether "if 'at the moment the arrest was made . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense.'" *Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005) (citations omitted) (emphasis added). Probable cause exists if the facts and circumstances which are within the knowledge of the police, and of which the police have reasonably trustworthy information, are sufficient to warrant a man of reasonable caution to believe that a suspect has committed a crime. *See, e.g.*, *Beck v. Ohio*, 379 U.S. 89, 91 (1964). The facts must support a reasonable belief that "there is a 'fair probability' that the person committed the crime at issue." *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000).

An arrest based upon probable cause would be justified, regardless of whether the individual arrested was guilty. *Renk v. City of Pittsburgh*, 537 Pa. 68, 76 (1994). Therefore, the determination of the existence of probable cause for Plaintiff's arrest is critical in this case, and as reasonable minds could differ, must be a question for the jury.

"Whether raised under Section 1983 or state law, claims for false arrest, malicious prosecution, and abuse of process require a lack of probable cause." *Shilling v. Brush*, 2007 U.S. Dist. LEXIS 4330, *1, *26 (M.D. Pa. Jan. 22, 2007) (Jones, J.) (quoting *Frederick v. Hann*a, 2006 U.S. Dist. LEXIS 87037, at *30 (W.D. Pa. Dec. 1, 2006)).; *see Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d

Cir. 1988) (explaining that, in order to prevail on a claim for unlawful arrest pursuant to § 1983, a plaintiff must prove that the police arrested him without probable cause).

"Although the probable cause inquiry is usually a question for the jury, courts 'may conclude in the appropriate case . . . that probable cause did exist as a matter of law if the evidence, viewed most favorable to [the] [p]laintiff, reasonably would not support a contrary finding.'" *Karns v. Shanahan*, 879 F.3d 504, 523 (3d Cir. 2018) (*quoting Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997)). "Whether any particular set of facts suggest that an arrest is justified by probable cause requires an examination of the elements of the crime at issue." *Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005). The crime an individual is ultimately charged with is "irrelevant" to the probable cause analysis and "[p]robable cause need only exist as to [one of the] offense[s] that could be charged under the circumstances." *Reedy v. Evanson*, 615 F.3d 197, 211 (3d Cir. 2010).

In this case, Plaintiff both failed to follow Sgt. McClure's orders and disrupted a permitted event by yelling at the event goers, thereby causing a disturbance and resulting in probable cause to arrest for disorderly conduct. According to 18 Pa. C.S. § 5503(a), the elements of disorderly conduct are as follows:

> (a) Offense defined. - A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening or in violent or tumultuous behavior; (2) makes unreasonable noise; (3) uses obscene language, or makes an obscene gesture; or (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

18 Pa. C.S. § 5503(a)(1)-(4). "Under the statute, whether 'words or acts rise to the level of disorderly conduct hinges upon whether they cause or unjustifiably risk a public disturbance.'" *Commonwealth v. Hock*, 556 Pa. 409, 728 A.2d 943, 946 (Pa. 1999). Although a failure to follow orders does not alone give rise to reasonably suspicion, it is a factor to be

considered. *Florida v. Bostick*, 501 U.S. 429, 437, 111 S.Ct. 2382, 115 L. Ed. 2d 389 (1991). Plaintiff's failure to comply with Sgt. McClure's order compounded with Plaintiff's volume whilst disturbing the event justify probable cause to arrest for disorderly conduct.

The Western District of Pennsylvania recently denied a defendant's summary judgment motion on the basis that key questions of fact, including those lending to the reasonableness determination of a police officer forcibly removing an individual from a car to handcuff him, were issues for the jury. *Singler v. Caterino*, 2023 U.S. Dist. LEXIS 108465, at *14-15 (W.D. Pa. June 20, 2023).

The Eastern District of Pennsylvania denied summary judgment on a defendant's Pennsylvania false arrest and false imprisonment claims, finding questions of fact as to the probable cause for a disorderly conduct arrest while protesting at his local fire department. *Wilson v. Jean*, 145 F.Supp. 3d 434, 440 (E.D. Pa. 2015). The Court found that there were genuine issues of material fact regarding the individual's conduct at the time of arrest "requiring a jury's credibility evaluation." *Id*. at 437.

In this case, from the relevant perspective of Sgt. McClure, Plaintiff was yelling at a permitted pride event and causing a disruption. *See* Defendants Response to Plaintiff's Statement of Facts ("Def. SOF"), ¶ 8. Defendants maintain that Sgt. McClure had sufficient probable cause to place Plaintiff under arrest, thereby defeating his claims under Counts One, Two, Three, Seven and Eight. Even if this Court does not find that the facts support probable cause, there are the very least question of fact that require determination by a jury, including any determination of Plaintiff's volume, whether Plaintiff was disrupting the event, and whether Plaintiff ignored orders, regarding the existence of probable cause. Accordingly, Plaintiff's Motion for Partial Summary Judgment must be denied.

### B. Plaintiff's First Amendment Retaliation Claim Fails

Plaintiff argues that his arrest was done in retaliation for his speech. Plaintiff floods his Motion for Partial Summary Judgment with red herrings in the form of discussions of landmark Supreme Court decisions that have no bearing on the case at issue. This case boils down to whether Sgt. McClure had sufficient probable cause to arrest Plaintiff for his conduct at the Reading Pride March and whether Sgt. McClure was motivated by any protected speech to arrest him. Plaintiff has failed to meet his burden of demonstrating these elements.

To prevail on his First Amendment retaliation claim, Plaintiff must prove (1) that he engaged in constitutionally protected activity, (2) the government responded with retaliation, (3) the government action was motivated by or substantially caused by the protected activity, and (4) the government's response would deter or chill a person of ordinary firmness. *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004). When the alleged retaliatory conduct is an arrest, the existence of probable cause "generally defeats" a First Amendment retaliation claim. *Id*. citing *Nieves*, 139 S.Ct. at 1722. Additionally, probable cause need only exist as to any offense that could be charged under the factual circumstances. *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994).

A retaliation claim cannot rest on the bare assertion that the alleged retaliation was motivated by retaliatory animus. *Fennell v. Kuykendall*, 2019 U.S. Dist. LEXIS 96922, at *16 (E.D. Pa. June 7, 2019), *citing Alexander v. Fritch*, 396 F.App'x 867, 872 (3d Cir. 2010 (affirming summary judgment granting on First Amendment retaliation claim where there was no evidence beyond a plaintiff's "bare assertions" that denial of grievances were motivated by retaliatory animus). The Eastern District dismissed a retaliation claim because the Plaintiff pleaded no facts to show how defendants were motivated by a desire to retaliate against him. *Id*.

The Middle District granted summary judgment in the defendants' favor in a case in which the plaintiff failed to produce any evidence to show causation that the prison food, which he found dissatisfactory, was a "substantial or motivating factor" of the alleged retaliation for filing grievances. *Milton v. Hoover*, 2023 U.S. Dist. LEXIS 216437, at *13-14 (M.D. Pa. Dec. 5, 2023).

Here, Plaintiff has simply failed to adduce any facts that Sgt. McClure retaliated against Plaintiff for saying "Yo, God is not," as Plaintiff contends. To the contrary, the arrest was not viewpoint related. [App. 85 (McClure Dep. Tr. 134: 3)] and Sgt. McClure testified specifically that he did not arrest Plaintiff for saying that phrase. *See* Def. SOF, ¶ 66. To the contrary, Sgt. McClure arrested Plaintiff for disorderly conduct as a result of Plaintiff yelling and disrupting a permitted event and violating his prior orders. See Def. SOF, ¶ 67.

Indeed, Sgt. McClure instructed Plaintiff not to disturb the permitted event. Def. SOF, ¶ 8. Such a request was a reasonable, time, place, manner restriction. The Supreme Court has recognized permitting schemes as a content-neutral means for the government to regulate competing uses of public forums. *Garisto v. Topper*, 2023 U.S. Dist. LEXIS 64475, at *27 (M.D. Pa. Apr. 12, 2023), *citing Startzell v. City of Philadelphia,* 533 F.3d 183, 198 (3d Cir. 2008). "That the 'enforcement of a permit system inevitably requires taking cognizance of content' does not render the enforcement content based." *Id*. at 27, *citing Startzell*, 533 F.3d at 198, (*quoting Kroll v. U.S. Capitol Police*, 847 F.2d 899, 903, 270 U.S. App. D.C. 136 (D.C. Cir. 1988)). Despite such direction, Plaintiff proceeded to yell at the event goers. *See* Def. SOF, ¶ 65. The content and viewpoint of Plaintiff's speech had no bearing on Sgt. McClure's decision to arrest. *See* Def. SOF, ¶ 69.

7

At the very least, the elements of Plaintiff's First Amendment retaliation claims require a factual determination by a factfinder where Plaintiff contends that Sgt. McClure arrested him for saying "Yo, God is not," which is disputed. Accordingly, there are at least questions of fact regarding the motivation to arrest Plaintiff and whether the arrest was retaliatory. Accordingly, summary judgment must be denied as to Plaintiff for the First Amendment retaliation claim.

### C. **Plaintiff's Fourth Amendment Claims Presents a Material Dispute of Fact**

The question of probable cause remains on Plaintiff's fourth amendment claim, requiring a jury determination. To establish a § 1983 Fourth Amendment violation, the plaintiff must establish that (1) the conduct complained of was committed by a person acting under the color of state law, and (2) that conduct deprived a person of his rights, privileges, or immunities secured by the Constitution. *Jones v. Chieffo*, 833 F.Supp. 498, 503 (E.D. Pa. 1993), *citing, Parratt v. Taylor*, 451 U.S. 527, 535 (1981). An arrest based upon probable cause would be justified, regardless of whether the individual arrested was guilty. *Renk v. City of Pittsburgh*, 537 Pa. 68, 76 (1994).

Here, Sgt. McClure had sufficient probable cause to arrest Plaintiff for disturbing the event with his volume and disobeying Sgt. McClure's orders to not disturb the permitted Pride Def. SOF, ¶ 8. [App. 85 (McClure Dep. Tr. 127-128: 22-12)]; see also Def. SOF, ¶ 66-67. The Narrative attached to the Incident Report authored by Sgt. McClure explains, "[h]e began to yell to the people at the event. I immediately approached him and told him that, while he was free to stand there on that side of the street and hold his sign, he could not cross the street nor yell comments intended to disrupt the events." [App. 102 (Deputy Report for Incident 23-021028 Narrative)]. Sgt. McClure's arrest of Plaintiff was justified based on the circumstances known to Sgt. McClure and Plaintiff's blatant ignoring of the Sergeant's order and therefore, there, at the

8

very least, exists a dispute of material fact and Motion for Partial Summary Judgment must be denied.

### D. Plaintiff's Malicious Prosecution Claim Fails

To state a claim of malicious prosecution, a plaintiff must prove that (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor, (3) the defendant initiated the proceeding without probable cause, (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice, and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Lopez v. Maczko*, 2007 U.S. Dist. LEXIS 63416, at *1, *9-10 (E.D. Pa. August 16, 2007), *citing Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007).

Firstly, Plaintiff's claim fails because although Plaintiff was arrested, Sgt. McClure did not initiate criminal proceedings against Plaintiff as a matter of law. "In most circumstances, a plaintiff cannot proceed against a police officer for a claim of malicious prosecution because a prosecutor, not a police officer, 'initiates' criminal proceedings against an individual." *Groce v. McGoldrick*, 2023 U.S. Dist. LEXIS 210033, at *10 (E.D. Pa. Nov. 27, 2023), *citing Hall v. City of Philadelphia L. Dep't*, 2020 U.S. Dist. LEXIS 180196, at 33-34 (E.D. Pa. Sept. 30, 2020). A police officer may be held to have initiated a criminal proceeding if he knowingly provided the false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion. *Id.* at 10. Here, Plaintiff has presented no evidence – and accordingly has failed to establish his burden – that Sgt. McClure provided false information to the prosecutor or otherwise interfered with the prosecutor's discretion. Accordingly, the malicious prosecution claim fails.

Moreover, there is no evidence in the record that shows that Officer McClure acted maliciously or for any other purpose other than to bring Plaintiff to justice. Def. SOF, ¶ 29. To the extent that Plaintiff argues the word "derogatory" contained in the Affidavit of Probable Cause is false, such a statement is a legal conclusion and therefore requires a factfinder's determination. Def. SOF, ¶ 30. As set forth above, Sgt. McClure also had probable cause to arrest Plaintiff for causing a disturbance at the Pride event and ignoring a police sergeant's order. At the very least, as set forth herein, and in Defendants' Response to Plaintiff's Statement of Facts, there is at least a question of fact that precludes summary judgment.

Finally, to the extent of Plaintiff's liberty was deprived, it was a matter of mere hours. Def. SOF, ¶ 36. Therefore, there exists a dispute of material facts and Plaintiff's Motion for Partial Summary Judgment must be denied.

### E. **Plaintiff's False Imprisonment Claim Fails**

"The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention. An arrest based upon probable cause would be justified, regardless of whether the individual arrested was guilty or not." *Renk v. City of Pittsburgh*, 537 Pa. 68, 76 (1994), *citing Fagan v. Pittsburgh Terminal Coal Corporation*, 299 Pa. 109, 149 A. 159 (1930). Although Plaintiff was arrested, his arrest was not unlawful because, as explained *supra*, Sgt. McClure had sufficient probable cause to arrest Plaintiff for disorderly conduct for yelling at a permitted event, causing a disturbance. Def. SOF, ¶¶ 8, 67. This alone defeats the False Imprisonment claim under state or federal law.

Plaintiff's detention was *de minimis*. Plaintiff was detained for mere hours and was released without charges. Def. SOF, ¶ 76. In a similar circumstance, the New Jersey District Court found that an individual's booking at 3:48 a.m. and release at 4:48 am was a *de minimis*

period of detention and not a "seizure significant enough to constitute a Fourth Amendment violation." *Elfar v. Twp. of Holmdel*, 2024 U.S. Dist. LEXIS 19435, at *25-26 (D.N.J. Feb. 5, 2024). The Third Circuit has also held that in a case in which a plaintiff was detained after charges had been filed against him and he reported to the office of the District Justice where he remained for only thirty-five to forty minutes was no deprivation of liberty. *Penberth v. Krajnak*, 347 F.App'x 827, 829 (3d Cir. 2009). Likewise, Plaintiff's brief detention here, wherein he was released within hours of his arrest, is *de minimis* and therefore not a deprivation of his liberty.

### F. Plaintiff is Not Entitled to Summary Judgment on Assault and Battery Claims

"Assault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." *Renk v. City of Pittsburgh*, 537 Pa. 68, 76 (1994), *citing Cohen v. Lit Brothers*, 166 Pa. Super. 206, 209, 70 A.2d 419, 421 (1950). (Citation omitted.) Battery refers to harmful or offensive contact with the person of another without their consent. *Caldwell v. KFC Corp.*, 958 F.Supp. 962, 970 (D.N.J. 1997). Under Pennsylvania law, a police officer is privileged to commit what would otherwise be an assault and battery provided that the force they used was reasonable. *Renk v. City of Pittsburgh*, 537 Pa. 68, 76 (1994). The Supreme Court of Pennsylvania has addressed whether a battery is inflicted while making an arrest:

> "A police officer may use reasonable force to prevent interference with the exercise of his authority or the performance of his duty. In making a lawful arrest, a police officer may use such force as is necessary under the circumstances to effectuate the arrest. The reasonableness of the force used in making the arrest determines whether the police officer's conduct constitutes an assault and battery."

*Id.*

The Eastern District granted summary judgment in the officers' favor in a case in which a suspect resisted arrest, and the officers limited the use of force to the removal of the suspect from

11

a vehicle and caused only minimal injuries not requiring medical attention. *Beckwith v. Sherwood*, 2001 U.S. Dist. LEXIS 24079, at *17 (E.D. Pa. Oct. 11, 2001). The Court found that under such circumstances, a jury could not find that the officers acted unreasonably. *Id*.

Plaintiff claims that Sgt. McClure committed the torts of assault and battery. The Videos in the record before the Court, although not fully capturing the entirety of Plaintiff's presence at the event, speak for themselves, and depict Sgt. McClure using little force taking Plaintiff into custody. Def. SOF, ¶ 5. The only force exerted, beyond mere handcuffing, occurred when Sgt. McClure moved Plaintiff against a wall a few steps away where he could more securely handcuff him. Def. SOF, ¶ 5. Such force, to more safely apply handcuffs to Plaintiff, is certainly a reasonable force to prevent interference with his exercise of authority. Indeed, Plaintiff even testified that Sgt. McClure did not use excessive force and that he was neither hurt nor injured as a result of the arrest. Def. SOF, ¶ 42. Accordingly, the claim fails, and summary judgment must be denied to Plaintiff.

### G. Sgt. McClure is Entitled to Qualified Immunity

Even assuming, *arguendo*, that Sgt. McClure did not have probable cause to arrest Plaintiff, which Defendants deny, he would be entitled to qualified immunity.

Qualified immunity operates "to ensure that before they are subjected to suit, officers are on notice that their conduct is unlawful." *Hope v. Pelzer,* 536 U.S. 730, 739, 122 S.Ct. 2508 (2002). The defense of qualified immunity shields government officials from liability whenever "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *McGreevy v. Stoup,* 413 F.3d 359, 364 (3d. Cir. 2005) *(quoting, Harlow v. Fitzgerald,* 457 U.S. 818 (1982)). Qualified immunity is a question of law for the Court to decide early in the litigation process. *Grant v. City of Pittsburgh*, 98 F.3d 116,

122 (4d Cir. 1996), cert. denied *Riccardi v. Grant*, 532 U.S. 919 (2001).

In *Curly v. Klem,* 298 F.3d 271 (3d Cir. 2002), the Third Circuit discussed the two-step inquiry that courts must undertake in determining whether a government official is entitled to qualified immunity. "First, the court must decide whether the facts alleged show the officer's conduct violated a constitutional right." *Cox v. Hackett,* 2006 U.S. Dist. LEXUS 11820 *8 (E.D. Pa. J. Baylson*) citing Curly v. Klem,* 298 F.3d 271 (3d Cir. 2002); *citing Saucie*r, 533 U.S. at 201-02). "If the facts, when viewed in the light most favorable to the plaintiff, do not show that the officer violated a constitutional right, then plaintiff's §1983 claim must fail. *Id.* Second, the court must ask whether the right was clearly established at the time he acted. "Clearly established" in this context means "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.*

The Supreme Court in *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2084 (U.S. 2011), held that an official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of the right are so sufficiently clear that "***every** reasonable official would have understood that what he is doing violates that right*." (emphasis added).  Moreover, [as the Court in *Saucier]* noted, "this inquiry ... must be undertaken in light of the specific context of the case, not as a broad general proposition.  If a court concludes that an officer's conduct did violate a clearly established constitutional right, then it must deny him the protection afforded by qualified immunity." *Curly v. Klem,* 298 F.3d 271 (3d Cir.2002).

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims,* 134 S.Ct. 3 (2013) (per curiam). The Supreme Court stressed in *White v. Pauly*, 137 S. Ct. 538 (2017), that it was "again necessary to reiterate the longstanding

13

principle that "clearly established law" should <u>not</u> be defined "at a high level of generality." The Court opined that if the specificity to the facts of the case is not enforced, "plaintiffs would be able to convert the rule of qualified immunity into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." (citing *Anderson* v. *Creighton*, 483 U. S. 635, 639, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). In *White*, the Supreme Court found that the lower court failed to identify a single case where an officer acting under similar circumstances violated the Fourth Amendment. *White* 137 S. Ct. at 553 (2017). To determine reasonableness, a reviewing court must ask whether a reasonable person could have believed Defendants' actions to be lawful in light of ***clearly established law*** and the information they possess. *Kornegay v. Cottingham*, 120 F.3d 392, 396 (3d. Cir. 1997) (emphasis added).

      As the Third Circuit has explained, this is a high hurdle for plaintiff to overcome because qualified immunity provides "ample protection to all but the plainly incompetent, or those who knowingly violate the law." *Blackhawk v. Pennsylvania*, 381 F.3d 202, 215 (3d. Cir. 2004*)*. "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate. *Id*. Moreover, qualified immunity is not voided even if there is a failure to accurately determine what the law requires, unless that determination is clearly unreasonable. *Saucier,* 533 U.S. at 205.

      As to Sgt. McClure, it cannot be said that any reasonable officer who observes an individual yelling at a permitted event, asks him to cease yelling, and observes his continuation, and then arrests the individual with disorderly conduct would know he was violating a person's rights. Def. SOF, ¶¶ 29, 62-69. Therefore, it cannot be said that "every" reasonable officer would have clearly known that there was no basis for the arrest to have been made. Thus, Sgt. McClure must be afforded qualified immunity for all claims asserted against him.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that This Honorable Court deny Plaintiff's Partial Motion for Summary Judgment in its entirety.

                                            **MacMAIN LEINHAUSER PC**

Dated: May 31, 2024                  By:      */s/ Brian C. Conley*
                                                               David J. MacMain
                                                               PA Attorney I.D. No. 59320
                                                               Brian C. Conley
                                                               PA Attorney I.D. No. 311372
                                                               433 W. Market Street, Suite 200
                                                               West Chester, PA 19382
                                                               *Attorneys for Defendants City of Reading, Mayor Eddie Moran, Chief Richard Tornielli, and Sgt. Bradley T. McClure*

**CERTIFICATE OF SERVICE**

I, Brian C. Conley, Esquire, hereby certify that on this 31st day of May, 2024, a copy of the foregoing was served upon the following via electronic notification:

Joel Ready, Esq.
Cornerstone Law Firm
Suite 3
8500 Allentown Pike
Blandon, Pa 19510
*Attorney for Plaintiff*

**MacMAIN LEINHAUSER PC**

By:   */s/ Brian C. Conley*
David J. MacMain
PA Attorney I.D. No. 59320
Brian C. Conley
PA Attorney I.D. No. 311372
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendants City of Reading, Mayor Eddie Moran, Chief Richard Tornielli, and Sgt. Bradley T. McClure*