IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON ATKINS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Docket No. 5:23-cv-02732 |
| | : |
| CITY OF READING, EDDIE MORAN, | : |
| RICHARD TORNIELLI, BRADLEY T. | : |
| MCCLURE, and COURTNEY DUPREE, | : |
| | : |
| | : |
| Defendants. | : |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants, the City of Reading, Eddie Moran, Richard Tornielli, and Bradley T. McClure (hereinafter referred to as "Defendants"), by and through their attorneys, MacMain Leinhauser PC, respectfully submit this Response to Plaintiff's Statement of Material Facts (ECF 24).

**INTRODUCTION**

Plaintiff's Statement of Material Facts (ECF 24) violates Federal Rule of Civil Procedure 56 and This Honorable Court's Policies and Procedures by, inter alia, including multiple alleged facts within one paragraph, failing to cite to the record to support alleged or disputed facts, citing to portions of the record that fail to support the fact alleged or disputed, and improperly including argument and conclusions. *See* F.R.C.P. 56(c) and The Policies and Procedures of Judge John M. Gallagher at Section II(B)(5)1. Accordingly, Defendants object to Plaintiff's Statement of Material Facts (ECF 24) and assert that those factual allegations that fail to conform to the Federal Rules and this Court's Policies and Procedures be deemed disputed for purposes of Plaintiff's Motion.

1

Without waiver of these objections, Defendants submit the following Response to Plaintiff's Statement of Undisputed Facts and, unless admitted explicitly herein, deny each and every alleged "fact."

## RESPONSE TO ALLEGED FACTS

1. Admitted.

2. Admitted.

3. Admitted in part and denied in part. It is denied that Sgt. McClure was "responsible for oversight of the permitted 1st Reading Pride March & Rally." The remainder of the paragraph is admitted.

4. Denied as stated. Whether Defendants produced the body worn camera footage is immaterial. It is admitted that Sgt. McClure was wearing a body worn camera and that there is footage from that camera from June 3, 2023.

5. Denied as stated. The video speaks for itself. By way of further response, Defendants deny the characterization of Sergeant McClure's conduct as "pushing." Sergeant McClure placed his hand on Plaintiffs chest and walked him back, as he felt it was necessary to create distance and to direct him where to be. McClure denies any force rising to the level of a push. [App. 98 (0055 McClure Body Cam 0.20 to 1:18) (McClure Dep. Tr. 73: 2-25 to 74:1)].

6. Denied as stated. The video speaks for itself. Any characterizations of the video are denied.

7. Admitted in part and denied in part. It is admitted that McClure stated he did not want the situation to "turn into a circus." It is also admitted McClure testified, "It was my interpretation that their purpose was to get a reaction. Why else would you stand that closely holding signs with – clearly showing yourself to be antagonistic towards this group that's here."

It is denied that Sgt. McClure "prophylactically warned" the protestors, which is a legal conclusion and mischaracterization of Sgt. McClure's testimony. [App.71(McClure Dep. Tr. 72: 3-23)].

8. Denied. The statements in this paragraph constitute legal conclusions and mischaracterizations of the testimony, and are therefore denied. By way of further response, it is specifically denied that Sgt. McClure equated the content of the speech as being disruptive to the event. To the contrary, Sgt. McClure testified that Plaintiff being in the street, yelling, and attempting to talk over him as being the disruption giving rise to his discretion to arrest. Throughout Sgt. McClure's testimony, when he refers to yelling, he is referring to the volume of the speech being loud enough to be heard by the crowd, rather than the words being said. [App. 72 (McClure Dep. Tr. 74:2-24 and 111:13-16)].

9. Denied. The statements in this paragraph mischaracterize Sgt. McClure's testimony and improperly assert legal conclusions couched as fact, to which no response is required. To the extent a response is required, denied. By way further response, the allegations in this paragraph are denied as immaterial to the issues remaining in the case.

10. Denied. This paragraph contains legal conclusions and interpretations, to which no response is required. To the extent a response is required, denied.

11. Denied. The statements in this paragraph constitute legal conclusions and interpretations, to which no response is required. To the extent a response is required, denied. By way of further response, the statements in this paragraph are not supported by any citation to the record and are therefore denied.

12. Denied. This paragraph lacks citation to the record and is therefore denied. By way of further response, this paragraph contains legal conclusions and interpretations, which are denied.

13. Denied. Defendants deny that the Video is a "true and correct video recording of the events of June 3, 2023." The Video is limited in perspective, time and scope and does not reflect the perspective of Sgt. McClure. [App. 89 (McClure Dep. Tr. 142:12 to 144:17)]. To the contrary, the Video was taken by a third party, Matt Wear. [App. 21-22 (Pl. Dep. Tr. 77:18-25 – 78:1-7)].

14. Admitted in part and denied in part. It is admitted only that the Video was taken by Matthew Wear, with whom Sgt. McClure had previously interacted as reflected in Sgt. McClure's body worn camera. The remainder of the paragraph, inclusive of the characterization "pushed back" is denied.

15. Denied. The relevant perspective is the officer's, which the Video does not capture. Further, the citation does not stand for the fact alleged. Plaintiff himself admits the Video may not be an accurate depiction of the events if taken out of context. [App. 42 (Atkins Dep. Tr. 161: 1-2)].

16. Admitted. By way of further response, the Video speaks for itself.

17. Denied as stated. To the extent the statements in this paragraph characterize Plaintiff as "arriving" and the intent or purpose of the persons visible in the Video, the same are denied. The Video speaks for itself.

18. Denied as stated. It is admitted that Plaintiff testified as to the content of the sign. The Video speaks for itself and any characterizations thereof are denied. The remainder of the paragraph is denied.

19. Denied as stated. It is admitted that Plaintiff testified as to the content of the sign. The Video speaks for itself and any characterizations thereof are denied. The remainder of the paragraph is denied.

20. Admitted.

21. Denied as stated. The video speaks for itself. Plaintiff's characterizations of the same are denied. Sgt. McClure spoke to Plaintiff after Plaintiff began shouting at the permitted event. [App. 001 (Video 1:42 to 2:12)].

22. Denied as stated. The statements in this paragraph mischaracterize and misinterpret the content of the Video, which speaks for itself. Any characterizations and interpretations of the same are denied.

23. Admitted. By way of further response, to the extent that Plaintiff characterizes Sgt. McClure's testimony as merely an "assertion," the same is argument and legal conclusion, which is denied.

24. Denied. It is unclear to what "that point in time" refers. Prior to their interaction on June 3, 2023, it is admitted that Plaintiff and Sgt. McClure had not previously interacted.

25. Denied as stated. It is admitted that Atkins yelled "Yo, God is not." The remainder of paragraph includes legal conclusions, arguments, and interpretations of the Video, to which no response is required. Accordingly, the remainder of the paragraph is denied.

26. Denied as stated. It is admitted that Plaintiff was arrested for disorderly conduct (App. 107). Defendants dispute the characterization of "arrival" as undefined.

27. Denied as stated. Defendants lack knowledge of what Atkins' intended to say at the time of the incident. It is admitted that Plaintiff subsequently testified at his deposition "and then I was going to start by saying God is not the author of confusion."

28. Denied. Sgt. McClure testified that Plaintiff said something that led him to talk to Plaintiff, but does not recall what specifically Plaintiff said. [App. 86 (McClure Dep. Tr. 131: 1-21)]. It is specifically denied that Sgt. McClure did not hear Plaintiff say anything else.

29. Denied. The content of this paragraph constitutes self-serving conclusions and mischaracterizations of the record, to which no response is required and are denied. The Incident Report is in writing, the contents of which speak for themselves. Further, there are multiple factual statements within one paragraph. It is specifically denied that Sgt. McClure arrested Plaintiff "for the statement, 'Yo, God is not.'" To the contrary, Sgt. McClure testified that Plaintiff was arrested for disorderly conduct as a result of his yelling and disrupting the permitted event and for violating Sgt. McClure's prior commands [App. 84 (McClure Dep. Tr. 133:8-25 to 134:1-4)].

30. Denied. Plaintiff's citation to the record does not support the fact alleged. Sgt. McClure testified that he did not remember what was said that was derogatory. [App. 83-84 (McClure Dep. Tr. 121:22-122:1)].

31. Denied. The statements in this paragraph constitute legal conclusions and mischaracterizations, to which no response is required. To the extent a response is required, denied. By way of further response, this paragraph improperly asserts multiple alleged facts within one paragraph, which are taken out of context to improperly build a "fact." The same is denied. Finally, Plaintiff's citations to the record do not support the statements of facts contained in this paragraph.

32. Denied. The statements in this paragraph constitute legal conclusions and mischaracterizations, to which no response is required. To the extent a response is required, denied. By way of further response, the content of this paragraph misconstrues the testimony. Sgt. McClure testified that he did not remember what was said that was derogatory. [App. 83-84 (McClure Dep. Tr. 121:22-122:1; 122:10-16)].

33. Denied. The statements in this paragraph constitute legal conclusions and mischaracterizations, to which no response is required. To the extent a response is required, denied. By way of further response, Plaintiff's citations to the record do not support the statements of facts

contained in this paragraph. Sgt. McClure testified that Plaintiff was arrested for disorderly conduct after Plaintiff yelled and disrupted the event and violated Sgt. McClure's orders. [App. 81 (McClure Dep. Tr. 112:21-25 to 113:1-18)].

34. Denied. The statements in this paragraph constitute legal conclusions and mischaracterizations, to which no response is required. To the extent a response is required, denied. By way of further response, the statements in this paragraph misconstrue the testimony. Furthermore, McClure was responding to a hypothetical question and testified how he might have acted had the circumstances been different, which is immaterial to the claims and defenses of this matter. As Sgt. McClure testified, Plaintiff was arrested for disorderly conduct after Plaintiff yelled and disrupted the event and violated Sgt. McClure's orders. [App. 81 (McClure Dep. Tr. 112:21-25 to 113:1-18)].

35. Admitted in part and denied in part. The allegations in this paragraph state conclusions of law to which no response is required and the same are therefore denied. It is admitted that the cited exchange is an accurate reflection of the testimony. By way of further response, Sgt. McClure testified that Plaintiff was arrested for disorderly conduct after Plaintiff yelled and disrupted the event and violated Sgt. McClure's orders. [App. 81 (McClure Dep. Tr. 112:21-25 to 113:1-18)].

36. Admitted. The Incident Report, being in writing, speaks for itself. [App. 100-102]. By way of further response, Sgt. McClure modified "anti-gay slogan" to "slogan" in the Affidavit of Probable Cause [App. 107] because he could not specifically recall what was written on the sign. [App. 84-85 (McClure Dep. Tr. 125:22-25 – 126:1-4)].

37. Denied. The allegations in this paragraph state conclusions of law and mischaracterizations of the testimony to which no response is required and the same are therefore

denied. By way of further response, Plaintiff's citations to the record do not support the statement of fact contained in this paragraph and the testimony is misconstrued, and accordingly the statements are denied.

38. Denied as stated. Sgt. McClure testified that Atkins did not come out in the street after Sgt. McClure initially spoke to him.

39. Denied as stated. Sgt. McClure testified that nobody at the event told him that Plaintiff was being disruptive or asked for Plaintiff to be arrested. [App. 82 (McClure Dep. Tr. 114:5-11); App. 90 (McClure Dep. Tr. 149:7-12)].

40. Denied. The allegations in this paragraph constitute legal conclusions and interpretations. It is admitted that clapping can be heard on the Video. Any characterizations of the same are denied. Further, the characterizations of the Video are denied with respect to Sgt. McClure taking Plaintiff into custody. Finally, it specifically denied that Plaintiff was "prevented…from speaking a second time." Plaintiff cites to nothing in the record to support this legal conclusion.

41. Denied. Defendants lack knowledge of what Atkins' intended to say at the time of the incident. Plaintiff subsequently testified at his deposition "and then I was going to start by saying God is not the author of confusion."

42. Denied as stated. Sgt. McClure did not testify that Plaintiff was "pressed" against the wall. To the contrary, in response to the question "At one point Mr. Atkins complained when you had him up against the wall that the handcuffs were too tight," Sgt. McClure responded "yes." [App. 82 (McClure Dep. Tr. 114:18-21)]. By way of further response, Plaintiff testified that Sgt. McClure did not use excessive force nor was he (Plaintiff) was neither hurt nor injured as a result of the interaction. Specifically, Plaintiff testified that it did not hurt when he was up against the wall and that his wrists were not injured by the handcuffs. [App. 23 (Plaintiff Dep. Tr. 84:7-18)].

43. Denied as stated. The allegations in this paragraph are not supported by the record. For example, there is no record evidence demonstrating that the person speaking was a "speaker for the 1st Reading Pride March & Rally." The content of the Video speaks for itself, any characterizations of the same are denied.

44. Denied as stated. After Plaintiff was secured, he was escorted around the corner City Hall to Cedar Street, where sat on the curb awaiting transport. *See* Video. [App. 23 (Pl. Dep. Tr. 85:5-8); App. 75 (McClure Dep. Tr. 88:20-25)].

45. Denied. The video speaks for itself. By way of further response, Defendants deny the characterization of the Video. There is no evidence supporting Plaintiff's characterization of the statement.

46. Admitted. By way of further response, whether the event organizers had started speaking is immaterial. A crowd supporting the event had already gathered by the time Plaintiff arrived outside Reading City Hall. [App. 80-81 (McClure Dep. Tr. 107:4-25 – 109:1-8; 110:24-25 – 111:1-18)].

47. Denied. The Video speaks for itself. Defendants deny the characterization of the Video. It is specifically denied that Sgt. McClure "goaded" Plaintiff.

48. Denied. The allegations in this paragraph state conclusions of law and mischaracterizations of the testimony to which no response is required and the same are therefore denied.

49. Denied. Plaintiff was transported to central processing for booking. It is specifically denied that Sgt. McClure transported Plaintiff. [App. 87 (Pl. Dep. Tr. 87:2-8); App. 102].

50. Admitted in part and denied in part. It is admitted only that Sgt. McClure prepared a police criminal complaint and that the District Attorney's office dismissed the case. The

remaining allegations constitute conclusions of law to which no response is required and are therefore denied. It is specifically denied that Sgt. McClure "charged" Plaintiff.

51. Denied as stated. It is admitted only that McClure consulted with Sgt. Menges as to the grade of the offense, which was appropriate under the relevant statute for disregarding warnings. The remainder of the allegations are denied. [App. 85 (McClure Dep. Tr. 126:9-25 to 128: 1-12)].

52. Admitted. By way of further response, the statements in this paragraph are immaterial to the claims at issue.

53. Denied. The citation to the record does not support the fact alleged and misconstrues Sgt. McClure's testimony. Sgt. McClure testified that the event organizers provided inaccurate information about the event and that had he been provided with accurate information, a plan would have been put in place. (App. 76. P. 91-92).

54. Denied. Plaintiff's citations to the record do not support the statements of fact contained in this paragraph. By way of further response, the City of Reading's policies, procedures, and training are immaterial because the Plaintiff does not move for summary judgment on any claims against the City.

55. Denied as immaterial to the issues remaining in the case. The City of Reading's policies, procedures, and training are not relevant because the Plaintiff does not move for summary judgment on any claims against the City.

56. Denied as stated. The statement misconstrues the record. Sgt. McClure testified "I certainly believe the arrest was justified..." [App. 77 (McClure Dep. Tr. 96:22-25)]. The reference

to hindsight is Plaintiff non-factual, conclusory and argumentative insertion.[1] The remainder of the allegations in this paragraph is simply argument, which is denied.

57. Denied. The citation does not support the allegation. By way of further response, the statements are immaterial to the issues remaining in the partial Motion for Summary Judgment as Plaintiff does not move for summary judgment against the City.

58. Admitted in part and denied in part. It is admitted only that Sgt. McClure was not disciplined. The remainder of the allegations are denied. By way of further response, the statements are immaterial to the issues remaining in the partial Motion for Summary Judgment as Plaintiff does not move for summary judgment against the City.

59. Denied as stated. Sgt. McClure testified that "[m]any, many, many months after, somebody involved in this group had said we thank you for takin the action that you did…That was Enrique Castro." [App. 90 (McClure Dep. Tr. 149:14-18)]. By way of further response, the statements are immaterial to the issues remaining in the partial Motion for Summary Judgment.

60. Denied. The allegations in this paragraph misconstrue and mischaracterize the record and are therefore denied. By way of further response, the allegations in this paragraph are immaterial to the claims at issue in the instant Partial Motion for Summary Judgment.

61. Denied. This paragraph improperly asserts two facts in one paragraph and therefore the totality of the statement is denied. By way of further response, the statements are immaterial to the issues remaining in the partial Motion for Summary Judgment as Plaintiff does not move for summary judgment against the City.

---

[1] As noted in the introduction, Plaintiff's editorializing and parsing of the testimony with his own interpretations is endemic in this Statement of "Facts."

**Defendants' Supplemental Statement of Facts**

Pursuant to this Court's Policies and Procedures, Defendants assert the following supplement facts in opposition to summary judgment:

62. Sgt. McClure testified that he gave Plaintiff reasonable time, place, and manner restrictions. [App. 86 (McClure Dep. Tr. 133: 8-14)].

63. Sgt. McClure gave Plaintiff repeated warnings to remain in a specified area and to maintain a certain volume to not disrupt the event; warnings which Plaintiff ignored. [App. 91 (McClure Dep. Tr. 150: 8-21)].

64. During the initial interaction between Sgt. McClure and Plaintiff, Plaintiff is seen speaking over Sgt. McClure, as Sgt. McClure is attempting to speak to him. [App. 99 (McClure Dep. Tr. 141: 1-11)].

65. Sgt. McClure stated in his police report that "he [Plaintiff] began to yell at the people at the event. I immediately approached him and told him that while he was free to stand there on that side of the street and hold a sign, he could not cross the street nor yell comments intended to disrupt the event. Atkins said he understood." [App. 83 (McClure Dep. Tr. 120:8-14)]. The report further states, "less than a minute later he resumed yelling derogatory comments to the people at the event." [App. 83 (McClure Dep. Tr. 121:18-21)]. (App. 107).

66. Sgt. McClure testifies that Plaintiff was not arrested for saying, "Yo, God is not." [App. 81 (McClure Dep. Tr. 110:20-25 to 111:1-18)].

67. To the contrary, Sgt. McClure arrested Plaintiff for disorderly conduct (App. 107) as a result of his yelling and disrupting the permitted event and for violating Sgt. McClure's prior commands. [App. 84 (McClure Dep. Tr. 133:8-25 to 134:1-4)].

68. Sgt. McClure informed Plaintiff he was being arrested for disorderly conduct at the time of the arrest. (App. 107).

69. Sgt. McClure testified that Plaintiff's viewpoint was irrelevant to his decision to make an arrest. [App. 86-87 (McClure Dep. Tr. 133:18-25 to 134: 1-4)].

70. Plaintiff testified that Sgt. McClure did not use excessive force. [App. 23 (Pl. Dep. Tr. 84:10-12)].

71. Plaintiff testified that he was neither hurt nor injured as a result of the arrest. Specifically, Plaintiff testified that it did not hurt when he was up against the wall and that his wrists were not injured by the handcuffs. [App. 23 (Pl. Dep. Tr. 84:7-18)].

72. Plaintiff testified that he and Sgt. McClure got their feet tangled during the arrest, which caused him to stumble. [App. 24 (Pl. Dep. Tr. 89:1-10)].

73. Plaintiff has a history of "problem(s) with lying." [App. 19 (Pl. Dep. Tr. 68:4-5)].

74. Plaintiff does not have a clear recollection of the event and does not recall what he said to Sgt. McClure. [App. 19-20 (Pl. Dep. Tr. 68-70)].

75. Plaintiff was unaware that his Complaint included a claim for assault and battery. [App. 23 (Pl. Dep. Tr. 82:16-21)].

76. Regarding the duration of his detention, Plaintiff testified that it took only "a couple hours" until he was released. [App. 23 (Pl. Dep. Tr. 87:14-19)].

77. Plaintiff testified that the duration of his detention "wasn't long." [App. 23 (Pl. Dep. Tr. 82:14-19)].

                                  **MacMAIN LEINHAUSER PC**

Dated: <u>May 31, 2024</u>                By:    <u>*/s/ Brian C. Conley*</u>
                                                          David J. MacMain
                                                          PA Attorney I.D. No. 59320
                                                          Brian C. Conley
                                                          PA Attorney I.D. No. 311372
                                                          433 W. Market Street, Suite 200
                                                          West Chester, PA 19382
                                                          *Attorneys for Defendants City of Reading,*
                                                          *Mayor Eddie Moran, Chief Richard*
                                                          *Tornielli, and Sgt. Bradley T. McClure*

## CERTIFICATE OF SERVICE

I, Brian C. Conley, Esquire, hereby certify that on this 31st day of May, 2024, a copy of the foregoing was served upon the following via electronic notification:

Joel Ready, Esq.
Cornerstone Law Firm
Suite 3
8500 Allentown Pike
Blandon, Pa 19510
*Attorney for Plaintiff*

**MacMAIN LEINHAUSER PC**

By: */s/ Brian C. Conley*
David J. MacMain
PA Attorney I.D. No. 59320
Brian C. Conley
PA Attorney I.D. No. 311372
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendants City of Reading, Mayor Eddie Moran, Chief Richard Tornielli, and Sgt. Bradley T. McClure*