IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON ATKINS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Docket No. 5:23-cv-02732 |
| : | |
| CITY OF READING, EDDIE MORAN, : | |
| RICHARD TORNIELLI, BRADLEY T. : | |
| MCCLURE, and COURTNEY DUPREE, : | |
| : | |
| : | |
| Defendants. : | |

**BRIEF IN SUPPORT OF DEFENDANTS, CITY OF READING, EDDIE MORAN, RICHARD TORNIELLI, AND BRADLEY T. MCCLURE'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR TESTIMONY OF ECONOMIC HARM**

Defendants, the City of Reading, Mayor Eddie Moran, former Chief Richard Tornielli, and Sgt. Bradley T. McClure ("Defendants"), by and through their attorneys, MacMain Leinhauser PC hereby file the following Brief in Support of their *Motion in Limine* to preclude from trial any testimony or evidence of any alleged economic damages and/or pecuniary losses including any past or future wage loss and economic losses for calculation of damages.

As discussed more fully herein, any such testimony or evidence should be excluded because Plaintiff's failure to produce any supportive evidence of such losses in discovery or in compliance with this Court's Scheduling Order (ECF 13) renders admission of any such evidence unfairly prejudicial to Defendants.

I.   **INTRODUCTION**

This case arises from Plaintiff's presence and demonstration at the First Reading Pride and Rally March on June 3, 2023, and independent, third-party event, approved and permitted by the City of Reading, taking place outside Reading City Hall. At the beginning of the permitted

event, Plaintiff and a protesting companion arrived to protest the event. Sgt. McClure approached Plaintiff and instructed him not to cause a disturbance. In derogation of Sgt. McClure's lawful directive, Plaintiff immediately yelled at the crowed, "Yo God is not…," at which time he was placed under arrest for disorderly conduct.

In his Complaint, filed July 18, 2023, Plaintiff claims statements made by Mayor Eddie Moran and former City of Reading Police Chief Richard Tornielli in response to media inquiries and in the performance of their duties, were "willfully and wantonly made…to harm" and "demean" Atkins' reputation. Compl. ¶¶ 43, 45. Additionally, Plaintiff brought defamation and false light claims in which he claims the published statements harmed Plaintiff's character and reputation. Compl. ¶¶ 70, 74. Plaintiff also claims he was harmed by the fact of his arrest and for the alleged violation of his First Amendment rights and various state law claims, including defamation, false light, false imprisonment, malicious prosecution, assault and battery.

To date, despite the deadline for discovery and to disclose trial evidence having passed, Plaintiff has failed to produce any evidence showing any harm to his reputation or any economic or pecuniary loss.

II. **LEGAL STANDARD**

"The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion to rule on *motions in limine* prior to trial." *Toth v. Oppenheim*, 2024 U.S. Dist. LEXIS 74462, at *3 (M.D. Pa. April 24, 2024), *citing Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). A *motion in limine's* purpose is to "allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court should exclude evidence only when the evidence is clearly inadmissible on all potential grounds. *Id*. The

Court is vested with broad inherent authority to manage its cases including the discretion and authority to rule on *motion in limine* prior to trial. *Brown v. Maxwell*, 2022 U.S. Dist. LEXIS 118025, at *2 (M.D. Pa. July 5, 2022), *citing Luce v. United States*, 469 U.S. 38, 41 (1984). Courts may exercise this discretion to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. *Brown v. Maxwell*, 2022 U.S. Dist. LEXIS 118025, at *2 (M.D. Pa. July 5, 2022), *citing United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988).

Under the Federal Rules of Evidence, only relevant evidence is admissible. *Fed. R. Evid. 402*. Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Fed. R. Evid. 401*.

Relevant evidence may be excluded if its "probative value is substantially outweighed by a danger of… unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Fed. R. Evid. 403*. Rule 403 "recognizes that a cost/benefit analysis must be employed to determine whether or not to admit evidence; relevance alone does not ensure its admissibility." *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 85 (3d Cir. 2019), *citing Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002).

Here, Plaintiff should be precluded from offer any evidence or testimony of economic or pecuniary damages, or evidence of harm to his reputation, because he has failed to produce any such evidence prior to trial and submission of any such after would be prejudicial to Defendants, who would have been denied the opportunity to evaluate and dispute such evidence.

### III. ARGUMENT

#### A. Plaintiff has Failed to Produce Evidence Showing Economic Harm.

Plaintiff has failed to produce any evidence of economic harm or pecuniary losses and therefore the production of any such evidence or testimony should be excluded from trial.

Federal Rule of Civil Procedure 26 prohibits the introduction of evidence that was not disclosed or produced in discovery. *Landau v. Lamas*, 2021 U.S. Dist. LEXIS 129529, at *4 (M.D. Pa. July 12, 2021), *citing* Fed. R. Civ. P. 26. Moreover, Rule 26(e) requires parties to supplement disclosures under Rule 26(a) and discovery responses with "additional or corrective information that has not otherwise been made known to the other parties during the discovery process or in writing." F.R.C.P. 26(e)(1)(A). [*add that the scheduling order required disclosure of trial evidence (included date)]

Rule 37(c)(1) permits the exclusion of evidence that should have been disclosed pursuant to Rules 26(a) and 26(e), unless the non-disclosing party provides substantial justification for its failure, or if the failure to disclose is harmless. F.R.C.P. 37(c)(1*); see also Frederick v. Hanna*, 2007 U.S. Dist. LEXIS 18626, at *12-13 (W.D.Pa., Mar. 16, 2007). The burden of proving justification or harmlessness lies with the non-disclosing party. *See Hanna*, 2007 WL 853480 at *4. In considering exclusion under Rule 37, the Court must consider the following factors: (1) the prejudice or surprise of the party against whom the witnesses would have testified, (2) the ability of the party to cure the prejudice, (3) the extent to which waiver of the rule against calling unidentified witnesses would disrupt trial, and (4) bad faith or willingness in failing to comply. *Id.*; *see also Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997).

In response to discovery requests regarding economic harm, Plaintiff responded, "Plaintiff has not determined that he suffered any pecuniary loss as a result of the incident." *See*,

4

Plaintiff's Response to Defendants' Interrogatory No. 4, attached hereto as Exhibit "A." Additionally, in Plaintiff's deposition, he confirmed that he does not feel that he has had any monetary damages. *See*, Plaintiff's deposition at pages 146-147, attached hereto as Exhibit "B."

Plaintiff here has not failed to produce any evidence illustrating any economic harm or pecuniary losses, nor any calculation of damages following the incident described in the Complaint, but has also admitted that he does not have any such damages. Similarly, Plaintiff has not produced any expert report nor any evidence of harm, nor created a record of, any actual reputational harm suffered as a result of the incident. Therefore, any admission of such evidence must be excluded.

As Plaintiff has wholly failed to produce evidence relating to any economic harm as a result of his brief detention by the City of Reading Police Department, any such evidence is not relevant.

## B. Admission of Evidence or Testimony of Economic and Reputational Harm Would Unduly Prejudice Defendants.

Even assuming, *arguendo*, that this Honorable Court finds that Plaintiff produced evidence of alleged economic harm or pecuniary losses, which Defendants deny, any probative value from permitting the production of the same is substantially outweighed by the prejudice surprise introduction of the same during trial would cause to Defendants. Federal Rule of Evidence 403 sets the grounds for the exclusion of evidence that "although relevant… may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *Fed. R. Evid. 403*. The Third Circuit recognizes Rule 403 calls for a cost/benefit analysis must be employed to determine the admission of evidence, that relevance alone does not ensure its admissibility. *Chamberlain v.*

*Wyo. County*, 2019 U.S. Dist. LEXIS 25826, at *3 (M.D. Pa. Feb. 19, 2019), *citing Coleman v. Home Depot, Inc*., 306 F.3d 1333, 1343 (3d Cir. 2002).

Plaintiff has failed to establish a record of evidence showing alleged economic harm, pecuniary losses, or reputational damages at any point in the present matter. To permit Plaintiff to present such evidence at the eleventh hour of trial would prejudice the Defendants, by limiting their ability to prepare an adequate defense to such evidence. Therefore, evidence and testimony of any alleged economic harm must be precluded from admission at trial.

## IV.     CONCLUSION

Based on the foregoing reasons, Defendants respectfully requests that This Honorable Court grant its motion and preclude any testimony or evidence of economic harm from admission at the trial of this matter.

                                                  **MacMAIN LEINHAUSER PC**

Dated: August 2, 2024        By:    */s/ Brian C. Conley*
                                                      David J. MacMain
                                                      PA Attorney I.D. No. 59320
                                                      Brian C. Conley
                                                      PA Attorney I.D. No. 311372
                                                      433 W. Market Street, Suite 200
                                                      West Chester, PA 19382
                                                      *Attorneys for Defendants, City of Reading, Mayor Eddie Moran, former Chief Richard Tornielli, and Sgt. Bradley T. McClure*

**CERTIFICATE OF SERVICE**

I, Brian C. Conley, Esquire, hereby certify that on this 2nd day of August 2024, a copy of the foregoing was served upon all counsel of record via ECF:

Joel Ready, Esq.
Benjamin Jeffrey Lewis, Esq.
Cornerstone Law Firm
Suite 3
8500 Allentown Pike
Blandon, Pa 19510
*Attorneys for Plaintiff*

           **MacMAIN LEINHAUSER PC**

By:   */s/ Brian C. Conley*
       David J. MacMain
       PA Attorney I.D. No. 59320
       Brian C. Conley
       PA Attorney I.D. No. 311372
       433 W. Market Street, Suite 200
       West Chester, PA 19382
       *Attorneys for Defendants, City of Reading, Mayor Eddie Moran, former Chief Richard Tornielli, and Sgt. Bradley T. McClure*