IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMON ATKINS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:23-cv-02732-JMG |
| | : | |
| CITY OF READING, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM OPINION IN SUPPORT**

**GALLAGHER, J.**                                                                                                    **August 29, 2024**

On July 29, 2024, this Court issued a Memorandum Opinion granting in part and denying in part Plaintiff's Partial Motion for Summary Judgment. *See* Memo Op. and Order, ECF Nos. 33, 34. Since that time, Defendants have filed an Interlocutory Appeal challenging the Court's decision regarding Defendant Sgt. McClure's entitlement to qualified immunity. Notice of Appeal, ECF Nos. 51, 52. Subsequently, on August 8, 2024, Plaintiff filed a Notice of Cross-Appeal challenging the Court's alleged permission of Defendant McClure's reasonable mistake defense. Notice of Cross-Appeal, ECF No. 62. As Plaintiff misconstrues the Court's prior opinion, the Court submits this Opinion in Support pursuant to Third Circuit Local Civil Rule 3.1.

**I.     BACKGROUND**

The Court incorporates by reference the factual background detailed in its Memorandum Opinion addressing summary judgment. ECF No. 33 at 2-5.

**II.    LEGAL STANDARD**

Pursuant to Third Circuit Local Civil Rule 3.1, "[n]o later than 30 days after the docketing of a notice of appeal, the trial judge may file and transmit to the parties a written opinion or written amplification of a prior written or oral recorded ruling or opinion." 3d Cir. L.A.R. 3.1 (2011).

### III.     ANALYSIS

In Plaintiff's Notice of Cross-Appeal, he alleges "this Court permitted Defendant Bradley T. McClure to raise a reasonable mistake defense as to probable cause for the arrest of Plaintiff." ECF No. 62 at 1. This is the same argument Plaintiff relies upon to assert one of his motion for reconsideration claims. *See* Pl. Motion, ECF No. 43 at 9-11. In Plaintiff's reconsideration argument, which his appellate argument will seemingly mirror, he argues that the holding in *Heien v. North Carolina*, 574 U.S. 54, 66-67 (2014) stands for the proposition that only an objectively reasonable mistake can serve as a defense to a First Amendment Retaliation claim, and the Court's opinion allows Defendant McClure to raise a reasonable mistake defense. *Id.* Plaintiff's mistakes are two-fold, as he misstates the law and misconstrues the Court's holding.

First, to establish a retaliation claim under the First Amendment, a plaintiff must establish "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). "The third prong requires a showing that the defendant's *subjective motivation* for the adverse action was the plaintiff's protected speech." *Jones v. Robinson*, 665 Fed. Appx. 776, 778 (11th Cir. 2016) (emphasis added); *Anderson v. Gallagher*, No. 23-1751, 2024 U.S. App. LEXIS 7160, *9-10 (6th Cir. March 26, 2024) ("causation requires a factfinder to discern the defendant's subjective motivation for taking the adverse action, [] and it is generally a factual issue to be resolved by a jury.) (internal citations and quotations omitted).

In declining to grant summary judgment on Plaintiff's First Amendment Retaliation claim, the Court found a genuine issue of material fact regarding whether Defendant McClure acted in retaliation or whether he conducted the arrest "because he legitimately, though mistakenly, believed he had probable cause to do so."[1] ECF No. 33 at 12. The Court therefore declined to find Defendant McClure acted with retaliatory animus as a matter of law, as there is insufficient evidence in the record of his *subjective motivation*. Whether his decision was reasonable is an entirely different question. While someone may subjectively believe something, it does not automatically make that belief reasonable. Here, while it is possible that Defendant McClure truly subjectively believed he had probable cause to arrest Plaintiff, which would undercut the causal connection prong of Plaintiff's First Amendment Retaliation claim, the Court was clear the mistake would have been unreasonable.

## IV.    CONCLUSION

Because Plaintiff's Notice of Cross-Appeal misconstrues the law and this Court's prior Opinion, Plaintiff's appeal should be denied. Defendant McClure, while unable to assert a reasonable mistake defense, is free to present evidence regarding his subjective motivation at trial.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[1] The Court believes Plaintiff's confusion stems from the Court's use of the word "legitimately." The term was used to mean "honestly," as opposed to "reasonably." This interpretation corresponds to the full Opinion of the Court. *See* ECF No. 33 at 13 ("it was objectively unreasonable for Sgt. McClure to arrest Plaintiff"). The Court does not, and never did, find Defendant McClure's actions reasonable, and he is not entitled to raise such defense at trial. He is free to argue that his subjective motivation was not based upon retaliatory animus.